CAROLINA POWER AND LIGHT COMPANY v. GEORGE A. ISELEY, MAYOR, AND C. C. PAGE AND CARL L. WILLIAMSON, COMMISSIONERS OF THE CITY OF RALEIGH, N. C., THE CITY OF RALEIGH, N. C., CAROLINA COUNTRY CLUB, C. A. GOSNEY AND M. A. RUSHTON; AND ALL OTHER CITIZENS, RESIDENTS AND FREEHOLDERS OF THE CITY OF RALEIGH, N. C., THE COUNTY OF WAKE, N. C., AND ELSEWHERE, WHO CONSTITUTE THE PUBLIC IN GENERAL, WHO HAVE, OR MAY CLAIM TO HAVE, AN INTEREST IN THE CONTROVERSIAL MATTERS INVOLVED IN THIS ACTION, EITHER GEN-ERALLY AS CITIZENS, AND/OR SPECIALLY AS INDIVIDUAL PROPERTY OWNERS, ALL OF WHOM ARE SO NUMEROUS THAT THEIR NAMES, CONTENTIONS, AND SPECIAL INTERESTS, IF ANY, ARE UNKNOWN TO THE PLAINTIFF, AND CANNOT, BY THE EXERCISE OF DUE DILIGENCE, BE ASCERTAINED; AND T. LACY WIL-LIAMS, GUARDIAN AD LITEM, FOR SUCH OF SAID UNKNOWN CITIZENS, RESI-DENTS AND FREEHOLDERS, AS ARE OR MAY BE INCAPACITATED, OR UNDER LEGAL DISABILITY.

(Filed 4 January, 1933.)

1. **Actions B g—Action in this case held to come under provisions of Declaratory Judgment Act.**

The Declaratory Judgment Act, chapter 102, Public Laws of 1931, is a remedial statute and should be liberally construed, and the act applies to an action by a power company against a city and the residents thereof

to determine the validity of a written contract between the power company and the city whereunder the power company was to change its electric cars to gasoline buses along some of the streets of the city under a municipal franchise, the controversy being in good faith and substantive rights being involved, and it further appearing that the parties have legal rights or legal obligations that may be determined by a judgment or decree in the action. The Declaratory Judgment Act differs from the submission of a controversy under C. S., 626 in that under the former statute it is not necessary that the question involved might be the subject of a civil action at the time the proceeding is instituted.

2. **Municipal Corporation F a—Contract relating to change in method of transportation under franchise held not to involve new franchise.**

A power company operated electric street cars upon certain of the streets of a city under a municipal franchise, its lines extending to certain streets beyond the city limits. The power company and the city, some years after the franchise was granted, entered into a contract whereby the power company was to substitute, on certain streets, gasoline autobuses upon certain conditions for the electrically driven cars, and the contract was approved by the Corporation Commission. It further appeared that the change in the method of transportation was for the public benefit: *Held*, the proposed change from electric cars to auto-buses along the designated streets does not involve the granting of a new franchise, requiring a vote of the residents of the city under the provisions of its charter, but relates only to the method of transportation under the old franchise, and where the controversy has been made the subject of an action by the power company under the Declaratory Judgment Act in which all interests were represented, and judgment has been signed sustaining the validity of the contract, exceptions based on contentions that the contract amounted to a new franchise and that the Corporation Commission was without authority to approve the contract cannot be sustained on appeal.

3. **Appeal and Error F b—Only matters raised by exceptions duly taken will be considered on appeal.**

On appeal to the Supreme Court only questions of law properly presented by exceptions and in conformity with the rules of practice in the Supreme Court will be considered.

APPEAL by the defendants, C. A. Gosney, M. A. Rushton and T. Lacy Williams, guardian ad litem, from *Sinclair, J.,* at November Term, 1932, of WAKE. Affirmed.

The facts which constitute the cause of action alleged in the complaint in this action, and on which the plaintiff, Carolina Power and Light Company prays for relief, are admitted in the pleadings. These facts are set out in the judgment, which is as follows:

"This cause coming on to be heard by his Honor, N. A. Sinclair, at the November Term, 1932, of the Superior Court of Wake County, there being present W. H. Weatherspoon, Pou & Pou and A. Y. Arledge,

attorneys for the plaintiff, Carolina Power and Light Company; Clem B. Holding, attorney for the defendants, George A. Iseley, mayor, and C. C. Page and Carl L. Williamson, commissioners of the city of Raleigh, N. C., and the city of Raleigh, N. C.; S. Brown Shepherd, attorney for the defendant, Carolina Country Club; Murray Allen, attorney for the defendants, C. A. Gosney and M. A. Rushton; and T. Lacy Williams, *in personam,* as guardian ad litem for such of the defendants, citizens, residents and freeholders of the city of Raleigh, N. C., the county of Wake, N. C., and elsewhere, as are incapacitated or for any reason under legal disability, and the cause being heard, the court finds the following facts, to wit:

1. That this is an action instituted by the plaintiff, Carolina Power and Light Company, under chapter 102, of the Public Laws enacted by the General Assembly of North Carolina at its regular session, 1931, and known as 'The Uniform Declaratory Judgment Act.'

2. That the defendants, George A. Iseley, mayor, and C. C. Page and Carl L. Williamson, commissioners of the city of Raleigh, and the city of Raleigh, N. C., have been duly served with summons, and have jointly filed an answer to the plaintiff's complaint; that the defendant, C. A. Gosney, has been duly served with summons and has filed an answer to the plaintiff's complaint; that the defendant, M. A. Rushton, has been duly served with summons, and has filed an answer to the plaintiff's complaint; that the defendant, Carolina Country Club, has been duly served with summons, and has filed an answer to the plaintiff's complaint; that all other citizens, residents and freeholders of the city of Raleigh, N. C., the county of Wake, N. C., and elsewhere, who constitute the public in general who have, or may claim to have, an interest in the controversial matters involved in this action, either generally as citizens, and/or specially as individual property owners, all of whom are so numerous that their names, contentions and special interests, if any, were unknown to the plaintiff, and could not, by the exercise of due diligence, be ascertained, were also duly made parties defendant in this action, and were invited to come in and set up any rights which they may have, or claim to have, involved in the subject-matter of this action, and that all of said unknown persons have been duly served with summons by publication, as required by law, by publication of notice in the *News and Observer* and *Raleigh Times,* both being daily newspapers published, and of general circulation, in Wake County; that the time for filing answers has expired and none of said unknown defendants has filed an answer to the plaintiff's complaint, except that the defendant, T. Lacy Williams, who has been duly appointed guardian ad litem for all unknown defendants who are incapacitated, or under

legal disability, has filed an answer for such defendants as he was appointed to represent.

3. That the plaintiff, Carolina Power and Light Company, a public service corporation, engaged in the business of distributing, and otherwise dealing in electric current, and in operating a street railway system in the city of Raleigh under a franchise granted by the city of Raleigh, dated 24 May, 1905, to the Raleigh Electric Company, which said franchise has been duly conveyed and assigned to said Carolina Power and Light Company, and that under said franchise said Carolina Power and Light Company, a number of years ago, constructed and has since continued to operate, as a part of its street railway system, a street car line out Glenwood Avenue to the limits of the city of Raleigh, and extending beyond the said city limits to the old Bloomsbury Park property at or near the Carolina Country Club Company's property.

4. That the Carolina Power and Light Company and the city of Raleigh entered into the contract, a copy of which is attached, as 'Exhibit B' to and made a part of the complaint, dated 28 November, 1931, providing at the expense of the Carolina Power and Light Company:

(1) For the discontinuance of the Glenwood Avenue street railway cars, which are operated over and along Glenwood Avenue, South West Street, Hargett Street, Dawson Street, and that part of Martin Street between Dawson and Fayetteville streets, and

(2) For the substitution of motor buses over and along the route within the city of Raleigh now traversed by said Glenwood Avenue line,

(3) For the removal of certain trackage and overhead equipment used exclusively for the operation of said street cars, and

(4) For certain construction work, including street paving and street surfacing.

That said contract was upon the further condition that the obligation imposed upon the plaintiff, Carolina Power and Light Company, under the terms and provisions of said contract were not to be performed by, or enforced against, said Carolina Power and Light Company unless and until a lawful order, duly issued by the North Carolina Corporation Commission, authorized and empowered the plaintiff to discontinue the operation of that portion of its said Glenwood Avenue street car line within the city, as provided for in said contract with the city of Raleigh, and that said order further duly authorized and empowered the plaintiff to discontinue that portion of its said Glenwood Avenue street car line beyond the city limits, and to substitute motor-bus transportation therefor, extending to the point of intersection of Glenwood Avenue, Ridgecrest Road, and Lassiter's Mill Road.

5. That the Carolina Power and Light Company filed a petition with the North Carolina Corporation Commission on 8 December, 1931, seeking authority to discontinue the operation of certain of its street car lines and substituting motor buses therefor along and over its Glenwood Avenue line, for the purpose of acquiring authority from said Corporation Commission to perform its agreement entered into with the city of Raleigh, North Carolina, all as will more fully appear by reference to said petition on file with the Corporation Commission, a copy of which is attached to the complaint, marked 'Exhibit C.'

That upon the filing of said petition, and after due notices were issued and served, a hearing was had whereupon the said Corporation Commission of North Carolina issued its order, dated 7 January, 1932, as will appear amongst the records of said Corporation Commission, and a copy of which is attached to the complaint, marked 'Exhibit F,' which said order, among other things, authorized and empowered the plaintiff, Carolina Power and Light Company 'to permanently discontinue the operation of street cars over and along Glenwood Avenue, South West Street, Hargett Street, Dawson Street, and that portion of Martin Street between Dawson and Fayetteville streets, and to remove such of the trackage and overhead equipment used exclusively in the operation of said street railway cars, as provided for in the aforesaid contract between Carolina Power and Light Company and the city of Raleigh; and it is further authorized and empowered to discontinue the operation of electric street railway cars over and along that portion of Glenwood Avenue line which extends from the limits of the city of Raleigh to the vicinity of the Carolina Country Club, and to remove its trackage and overhead equipment used exclusively in the operation of said electric street railway cars, provided the Carolina Power and Light Company shall substitute buses for electric railway cars, which are to be discontinued over and along Glenwood Avenue within the city of Raleigh, South West Street, Hargett Street, Dawson Street, and that portion of Martin Street between Dawson Street and Fayetteville Street, and over and along the remainder of the route traversed by the Glenwood Avenue electric railway cars, and provided it shall substitute motor buses over and along Glenwood Avenue between the limits of the city of Raleigh and the point of intersection of Glenwood Avenue, Ridgecrest Road and Lassiter's Mill Road.

6. That the defendant, M. A. Rushton, excepted to and appealed from the Commission's said order, as will appear by reference to copies of said exceptions and notice of appeal attached to and made a part of the complaint in this action. That the appeal of the said M. A. Rushton to this court was never heard, and is now withdrawn and abandoned as hereinafter set forth.

7. That with the consent of M. A. Rushton and Carolina Power and Light Company, the Corporation Commission of North Carolina has amended its order of 7 January, 1932, so as to provide that bus service is to be established along Lassiter's Mill Road between said roads crossing at Glenwood Avenue and at Lakeside Drive in lieu of the street cars now operated in the vicinity of the Carolina Country Club, said bus service to be maintained upon such schedules and under such conditions set forth in the order of the North Carolina Corporation Commission dated 4 November, 1932, a certified copy of which has been offered and filed as a part of the record in this action;

That the said M. A. Rushton, through his counsel, has withdrawn and abandoned the demurrer to plaintiff's complaint heretofore filed by him, and has filed an answer, now appearing in the record; that the said Rushton has withdrawn and abandoned his appeal from the said Corporation Commission's order of 7 January, 1932, in consideration of the Carolina Power -and Light Company's consent to the amended order of the Corporation Commission above mentioned, thereby eliminating from this action the legal questions arising in reference to that part of the Corporation Commission's order of 7 January, 1932, providing for a discontinuance of the operation of the Carolina Power and Light Company's street cars from a point at or near Lassiter's Mill Road crossing to the end of the line, at or near the Carolina Country Club, without the substituted operation of motor buses thereover, so that the court now considers the legal questions arising upon said order of 7 January, 1932, as amended by the consent order of 4 November, 1932.

8. That counsel for all parties in attendance upon this hearing have admitted in open court that the substituted bus service, in lieu of said street car line, as provided for in said Corporation Commission's order and said contract with the city of Raleigh, will more adequately and conveniently serve the public transportation needs in the territory affected thereby than would the continued operation of the said electric street railway cars, and the court finds such to be the fact.

Upon the foregoing findings of fact, the court concludes the law to be as follows:

I. That all of the persons specifically named as defendants in this action have been duly served and are now properly before this court; that all the other citizens, residents and freeholders of the city of Raleigh and the county of Wake, and elsewhere, who constitute the public in general and who have or may claim to have an interest in the controversial matters involved in this action, either generally as citizens and/or specifically as individual property owners, have been lawfully and properly made parties to this action, and have been duly served

with summons by publication, and are now properly before this court, including all such above described persons as may be incapacitated or under other disability, and who are represented by T. Lacy Williams, guardian ad litem, and said persons, therefore, are bound by this decree.

II.   That the court has jurisdiction of this action and all the parties defendant, by reason of the power conferred upon it by chapter 102, of the Public Laws enacted by the General Assembly of North Carolina at its regular session in 1931, and known as 'The Uniform Declaratory Judgment Act.'

III.   That the plaintiff, Carolina Power and Light Company, and the defendant, city of Raleigh, were lawfully authorized to enter into the contract hereinbefore referred to dated 28 November, 1931, in reference to substituting motor buses for electric street cars, and that said contract for substitution, and all its provisions, do not in any way constitute a new franchise between the contracting parties, but is a mere detail as to the method and mode of conducting the portions of the public transportation system affected by said contract for the best interests of the public, all under the authority, and without any impairment of the other rights contained in the franchise issued by the city of Raleigh on 24 May, 1905, to the Raleigh Electric Company, and under which the plaintiff, Carolina Power and Light Company is now operating. That said contract is a valid, binding and subsisting obligation between the city of Raleigh and the Carolina Power and Light Company, and as such is fully binding upon the contracting parties, and as well, also, upon all citizens and property owners of the city of Raleigh, subject to the conditions for the performance on the part of the Carolina Power and Light Company as alleged in the complaint, and as set forth in finding of fact No. 4.

IV.   That the Corporation Commission of North Carolina is now, and at the time of the institution of the proceeding before it in reference to the matter in controversy, was duly vested with power and authority to hear and determine said matters, and to issue the order of 7 January, 1932, and the amendment to said order dated 4 November, 1932, under which said orders all of the defendants specifically named in this action, and all unknown defendants are bound. That all the residents of the city of Raleigh and the county of Wake, and all property owners residing in said city, county or elsewhere, have neither the right to restrain the Carolina Power and Light Company from abandoning and/or removing its street car line in question; nor have they any right, after the same is abandoned, and/or removed, to obtain a mandamus or mandatory injunction requiring its reëstablishment and a resumption of operations; nor have they any right to recover of the said Carolina Power and Light

Company any damages of any nature whatsoever on account of the abandonment and/or removal of said street car line.

V. That there is no appeal now pending by M. A. Rushton from the Corporation Commission's said order, and all the rights and interests of the said Rushton are now before the court in this action.

It is, therefore, ordered and adjudged that the contract entered into by and between the Carolina Power and Light Company and the city of Raleigh, dated 28 November, 1931, is a valid, binding and subsisting obligation between the city of Raleigh and Carolina Power and Light Company, and as such is binding upon the contracting parties, as well, also, as the citizens and property owners of the city of Raleigh, subject to the conditions of performance on the part of the Carolina Power and Light Company as alleged in the complaint and as set forth in finding of fact No. 4. That the orders of the Corporation Commission are in all respects lawful and are binding upon all citizens, residents and property owners, both within and without the city of Raleigh.

It is further ordered and adjudged that the Carolina Power and Light Company be, and it is hereby, permitted to comply with the terms of said contract entered into by and between it and the city of Raleigh, dated 28 November, 1931, and with the order of the Corporation Commission dated 7 January, 1932, as amended by the order of November, 1932.

It is further ordered and adjudged that none of the defendants have any right to, in any manner, either to interfere with the Carolina Power and Light Company in the removal and/or abandonment of its said Glenwood Avenue street car line, and the substitution of motor bus transportation therefor, in accordance with the terms of said contract and said orders of the Corporation Commission; or to procure an injunction restraining said Carolina Power and Light Company in the performance of said acts; or to obtain a mandamus or mandatory injunction to compel said Carolina Power and Light Company to reestablish and/or resume operation of said Glenwood Avenue street car line after its abandonment and/or removal; or to recover damages of any nature on account of a compliance with said contract and orders.

It is further ordered and adjudged that the said contract of 28 November, 1931, between the city of Raleigh and Carolina Power and Light Company, and all rights, powers and duties arising thereunder, is only an amendment to the franchise granted by the city of Raleigh on 24 May, 1905, to the Raleigh Electric Company and now being operated under and by Carolina Power and Light Company, and that said contract is in no particular a new franchise either within the meaning of the charter of the city of Raleigh, or within the laws of the State of

North Carolina, and is not a matter requiring approval by a vote of the people under the charter of the city of Raleigh enacted by the Legislature of 1913; that the rights, powers, and duties provided for in said contract only involve details as to the method and manner of operating the affected portion of the public transportation system for the best interests of the public, and in no other way changes or impairs any rights under said franchise as to either party hereto, other than as provided for in said contract of 28 November, 1931.

It is further ordered that the costs of this action be taxed against Carolina Power and Light Company, by the clerk.

This 4 November, 1932.          N. A. SINCLAIR, *Judge Presiding.*"

From the foregoing judgment, the defendants, C. A. Gosney, M. A. Rushton, and T. Lacy Williams, guardian ad litem, appealed to the Supreme Court.

*A. Y. Arledge, Pou & Pou and W. H. Weatherspoon for plaintiff.*
*Murray Allen for defendants, C. A. Gosney and M. A. Rushton.*
*T. Lacy Williams in personam.*

CONNOR, J. This action was instituted in the Superior Court of Wake County under the authority and pursuant to the provisions of chapter 102, Public Laws of North Carolina, 1931, which is entitled, "An act to authorize declaratory judgments."

In *Walker v. Phelps,* 202 N. C., 344, 163 S. E., 726, speaking of this act, we said: "This act is remedial; its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered. It is so declared in section 12 of the act." A liberal construction of the act to the end that its purpose may be accomplished, is manifestly desirable; otherwise, the courts, in its administration, may not be able to afford the relief contemplated by its enactment. However, there are well settled and inherent limitations upon judicial power, which the courts may not transcend.

An *ex parte* proceeding in which the petitioner alone seeks to have his social status only determined by judicial decree is not within the scope of the act. *In re Eubanks,* 202 N. C., 357, 162 S. E., 759. Nor can an action instituted under the authority and pursuant to the provisions of the act be maintained, when only a theoretical problem is presented for judicial solution. *Poore v. Poore,* 201 N. C., 791, 161 S. E., 532. In the opinion in the last cited case it is said that "it is no part of the functions of the courts, in the exercise of the judicial power vested in them by the Constitution, to give advisory opinions, or to answer moot

questions, or to maintain a legal bureau for those who may chance to be interested, for the time being, in the pursuit of an academic matter."

Where, however, it appears from the allegations of the complaint in an action instituted under the authority and pursuant to the provisions of the act, (1) that a real controversy exists between or among the parties to the action; (2) that such controversy arises out of opposing contentions of the parties, made in good faith, as to the validity or construction of a deed, will or contract in writing, or as to the validity or construction of a statute, or municipal ordinance, contract or franchise; and (3) that the parties to the action have or may have legal rights, or are or may be under legal liabilities which are involved in the controversy, and may be determined by a judgment or decree in the action, the court has jurisdiction, and on the facts admitted in the pleadings or established at the trial, may render judgment, declaring the rights and liabilities of the respective parties, as between or among themselves, and affording the relief to which the parties are entitled under the judgment.

The distinction between the statute which authorizes the submission of a controversy without action (C. S., 626) and the statute under which this action was instituted, is obvious. It need not be alleged in the complaint or shown at the trial, in order that the court shall have jurisdiction of an action instituted under the authority and pursuant to the provisions of chapter 102, Public Laws of North Carolina, 1931, that the question in difference between the parties, is one which might be the subject of a civil action, at the time the action was instituted. It is not required for purposes of jurisdiction that the plaintiff shall allege or show that his rights have been invaded or violated by the defendants, or that the defendants have incurred liability to him, prior to the commencement of the action. It is required only that the plaintiff shall allege in his complaint and show at the trial, that a real controversy, arising out of their opposing contentions as to their respective legal rights and liabilities under a deed, will or contract in writing, or under a statute, municipal ordinance, contract or franchise, exists between or among the parties, and that the relief prayed for will make certain that which is uncertain and secure that which is insecure. See *Walker v. Phelps,* 202 N. C., 344, 163 S. E., 727. In that case, a declaratory judgment rendered in the action which was instituted in the Superior Court of Washington County under the authority and pursuant to the provisions of chapter 102, Public Laws of North Carolina, 1931, was affirmed by this Court.

It appears from the allegations of the complaint in this action that the plaintiff, a public service corporation, interested not only in the preserva-

tion, without impairment, of its rights under its franchise, granted by the defendant, city of Raleigh, but also in the means and methods by which it may render transportation service to the public, as it is required to do by its franchise, is entitled to the relief provided by chapter 102, Public Laws of North Carolina, 1931. There is a real controversy between the plaintiff and the defendants as to their respective rights and liabilities, which grows out of their opposing contentions as to the validity and construction of the contract entered into by and between the plaintiff and the defendant, city of Raleigh, and of the orders made by the Corporation Commission of North Carolina, both the said contract and the said orders providing for the substitution by the plaintiff of its street cars, operated by means of electricity over and along its tracks on Glenwood Avenue in the city of Raleigh, and beyond the city limits, by motor buses to be operated over Glenwood Avenue, and beyond the city limits, by means of gasoline engines. It was admitted by the parties to the action, both in the pleadings filed, and at the trial, and was found by the court as a fact, that "the substituted bus service, in lieu of said street car line, as provided for in said Corporation Commission's orders and in said contract with the city of Raleigh, will more adequately and conveniently serve the public transportation needs in the territory affected thereby than would the continued operation of said electric railway cars."

The plaintiff, Carolina Power and Light Company, has heretofore constructed, and now maintains, over and along certain streets of the city of Raleigh, and beyond the corporate limits of said city to a point at or near the property of the defendant, Carolina Country Club, street car tracks, over which the said plaintiff operates cars propelled by electricity, which is transmitted to said cars by means of overhead trolley wires strung on poles erected on said streets, for the transportation, for hire, of passengers and freight. It carries on its business in that respect as a common carrier by means of its electric street railway system, under a franchise granted by the defendant, city of Raleigh, on 24 May, 1905. It is now proposed, in the interest of better service to the public, that the plaintiff shall discontinue the operation of its electric street cars on Glenwood Avenue, one of the streets of the city of Raleigh, and beyond the corporate limits of the said city to the Carolina Country Club, and shall abandon and/or remove its tracks, wires, and poles from Glenwood Avenue, and certain streets leading into said avenue, and that upon so doing the said plaintiff shall substitute for said electric street cars, motor buses which it shall maintain and operate within the city of Raleigh under its franchise, and beyond the corporate limits of said city, under the orders of the Corporation Commission. To that end,

a contract was entered into by and between the plaintiff and the defendant, city of Raleigh, on 28 November, 1931, and an order was made in a proceeding instituted by the plaintiff by the Corporation Commission of North Carolina, on or about 7 January, 1932, which was amended by a subsequent order made on or about 4 November, 1932.

The opposing contentions of the plaintiff and the defendants, with respect to the validity and proper construction of said contract and orders, are alleged in the complaint, and admitted in the answers filed. At the trial, on the facts admitted, and in accordance with its conclusions of law, the court adjudged "that the contract entered into by and between the Carolina Power and Light Company and the city of Raleigh, dated 28 November, 1931, is a valid, binding and subsisting obligation between the city of Raleigh and the Carolina Power and Light Company, and as such is binding upon the contracting parties, as well, also, upon the citizens and property owners of the city of Raleigh, subject to the conditions of performance on the part of the Carolina Power and Light Company as alleged in the complaint, and as set forth in finding of fact No. 4."

The court further adjudged "that the orders of the Corporation Commission are in all respects lawful, and are binding upon all citizens, residents and property owners, both within and without the city of Raleigh."

The court further ordered and adjudged "that the Carolina Power and Light Company, be and it is permitted to comply with the terms of said contract entered into between it and the city of Raleigh, dated 28 November, 1931, and with the order of the Corporation Commission dated 7 January, 1932, as amended by the order dated 4 November, 1932," and that "none of the defendants has any right to, in any manner, either to interfere with the Carolina Power and Light Company in the removal and/or abandonment of its said Glenwood Avenue street car line, and the substitution of motor bus transportation therefor, in accordance with the terms of said contract and said orders of the Corporation Commission; or to procure an injunction restraining said Carolina Power and Light Company in the performance of said acts; or to obtain a mandamus or mandatory injunction to compel said Carolina Power and Light Company to reëstablish and/or resume operation of said Glenwood Avenue street car line, after its abandonment and/or removal; or to recover damages of any nature, on account of a compliance with said contract and orders."

The defendant, C. A. Gosney, who is a resident and freeholder of the city of Raleigh, residing within said city, and as such a representative of all other residents and freeholders of said city, residing therein; the

defendant, M. A. Rushton, who is a resident and freeholder of Wake County, residing without the city of Raleigh, and in the vicinity of Carolina Country Club, and as such a representative of all other residents and freeholders of Wake County, residing without the city of Raleigh, and in the vicinity of the Carolina Country Club; and the defendant, T. Lacy Williams, guardian ad litem for all citizens, residents, and freeholders of the city of Raleigh or of Wake County, not specifically named in the complaint, for the reason that their names were unknown to the plaintiff, who are or may be under legal disability, excepted to the judgment, and on their appeal to this Court, contend that there is error therein. There was no exception to the judgment or appeal therefrom on behalf of the other defendants, either of those who are specifically named, or of those who are not so named in the complaint.

The appealing defendants contend (1) that the contract entered into by and between the Carolina Power and Light Company, and the city of Raleigh, dated 28 November, 1931, is void, and that no rights conferred by said contract can be lawfully exercised by the plaintiff, Carolina Power and Light Company, for the reason that said contract on its face purports to be and is a franchise and has not been approved by the qualified voters of the city of Raleigh, as required by a provision in the charter of said city; and (2) that the order of the Corporation Commission of North Carolina, dated 7 January, 1932, and amended by the order dated 4 November, 1932, is void, for the reason that said Corporation Commission had no power, by said orders, to authorize the Carolina Power and Light Company to abandon the operation, within or without the city of Raleigh, of its electric street railway cars, and to substitute therefor the operation of motor buses.

These are the only contentions made in this Court by which the validity of the judgment of the Superior Court of Wake County in this action is brought in question. Neither of these contentions can be sustained. There is no error in the judgment adjudging in effect, (1) that the contract entered into by and between the Carolina Power and Light Company and the city of Raleigh, and the orders of the Corporation Commission, are valid; (2) that as authorized by said contract and orders, and subject to their provisions, the plaintiff, Carolina Power and Light Company has the right to abandon, without impairment of its present franchise rights, the operation of its electric street railway on Glenwood Avenue in the city of Raleigh, and beyond the limits of said city to a point at or near the property of the Carolina Country Club, and to substitute therefor motor buses, which the plaintiff shall maintain and operate within the city of Raleigh, under its present franchise, and beyond the city limits under the orders of the Corporation

Commission; and (3) that the defendants have no right to interfere with the lawful exercise by the plaintiff of its rights conferred by said contract and said orders.

The situation presented by this case is novel—at least in this State. We have no decisions of this Court which may be cited in support of the judgment, but the principle on which the judgment was rendered is well stated in *Russell v. Kentucky Utilities Company,* 231 Ky., 820, 22 S. W. (2d) 289, 66 A. L. R., 1238. The fact situation and the questions of law involved in that case are almost identical with those presented and involved in the instant case. In the opinion in that case, it is said:

"The purpose and object of the franchise involved in this case was to provide for the rapid and convenient transportation of the public. That was the basic right granted. The motive power or method of propulsion of the vehicle is subordinate or subsidiary. It is but the means of making the franchise effective. Is the substitution of cars running on rubber tires, free from limitations of steel rails and trolley wires, and propelled by internal combustion engines, in place of cars with metal wheels without tires on fixed rails, and propelled by electric motors supplied with power through overhead wires, such a radical departure from the purposes and objects and terms of the original franchise as to preclude the change? If buses be used for the transportation of passengers, there is no additional servitude on the streets or obstructions to the free and safe use of the streets by other vehicles. On the contrary, the streets are relieved of trolly poles and wires and the imbedded rails, more or less dangerous. It can hardly be said that the operation of the buses is more dangerous or obstructive than the operation of electric street cars on the thoroughfares. The problem is one of distinction between the essence in which the permanent value lies—the use of streets for transportation of· passengers for hire—and the incidents of that franchisal right which are subject to change by agreement, viz., the facilities to be used."

Interesting questions as to the binding effect of the judgment of the Superior Court, in the event of certain contingencies which may hereafter arise, were suggested by counsel during the argument of this appeal, and are discussed in briefs filed in this Court by counsel for the appellee. We cannot now consider these questions for the purpose of undertaking to answer them, for the reason that they are not presented by exceptions to the judgment. It is sufficient to say that the assignments of error presented by the appellants on their appeal to this Court, have been considered, and that they are not sustained. The judgment is

Affirmed.