CITY OF GREENSBORO, GEORGE H. ROACH, WILLIAM B. BURKE, TOM E. BROWN, J. M. DENNY, D. NEWTON FARNELL, JR., WILLIAM FOLK, JR., ELBERT F. LEWIS, ALBERT F. STEVENS, JR., AND E. R. ZANE, REDEVELOPMENT COMMISSION OF GREENSBORO, JOSEPH T. CARRUTHERS, JR., M. A. ARNOLD, MRS. ELIZABETH BRIDGERS, VANCE CHAVIS AND BYNUM HINES v. PERCY L. WALL.

(Filed 10 January, 1958.)

1. **Declaratory Judgment Act § 2—**

    Jurisdiction under the Declaratory Judgment Act may be invoked only when there is an actual or real existing controversy between parties having adverse interests in the matter in dispute.

2. **Same: Appeal and Error § 6—**

    The Declaratory Judgment Act does not authorize the courts to give a purely advisory opinion.

3. **Statutes § 4: Declaratory Judgment Act § 2—**

    The validity of a statute may be determined in an action under the Declatory Judgment Act only when its validity is directly and necessarily involved and specific provisions thereof are challenged by a person who is directly and adversely affected thereby.

4. **Statutes § 4—**

    A statute may be valid in part and invalid in. part, and the validity of a statute should not be determined upon a general attack of its constitutionality, but only in respect of its adverse impact upon personal or property rights in a specific factual situation.

**5. Appeal and Error § 1—**

The constitutionality of a statute will not be determined unless the judicial power is properly invoked and it is necessary to determine the question in order to protect the constitutional rights of a party to the action.

**6. Constitutional Law § 4—**

A party who is not personally injured by a statute is not permitted to assail its constitutionality.

**7. Declaratory Judgment Act § 2—**

Plaintiff municipal corporations and the members of its boards instituted this action to test the validity of the Urban Redevelopment Law. G.S. 160-454 *et seq.* Defendant, a citizen and taxpayer, admitted all facts alleged and made a general denial of plaintiffs' legal conclusions as to the constitutionality of the Act, without challenging any specific actions or proposed actions of plaintiffs as violative of any particular constitutional or statutory rights of defendant. *Held:* The pleadings present no controversy justiciable under the Declaratory Judgment Act, and the action must be dismissed.

**8. Declaratory Judgment Act § 2: Taxation § 38a—**

While a taxpayer may challenge the illegal expenditure of tax funds by a municipality and the validity of proposed municipal bonds, a general attack on the constitutionality of the statute under which a municipal agency was created, without attacking any particular tax, expenditure or bond issue on any specific constitutional ground, does not present a justiciable controversy.

**9. Declaratory Judgment Act § 5—**

In a proceeding under the Declaratory Judgment Act, where the facts are established by defendant's unequivocal admissions, the court must determine the controversy upon the facts admitted, and has no authority to consider evidence and find additional facts, and findings incorporated in the judgment different from or in addition to facts established by the pleadings will not be considered on appeal.

APPEAL by defendant from judgment of *Preyer, Resident Judge,* signed October 12, 1957, in Chambers, in action pending in GUILFORD Superior Court, Greensboro Division.

Plaintiffs seek a judgment declaring that none of their alleged actions violates Art. 7, Sec. 7, or Art. 5. Sec. 4, or Art. 1, Sec. 7, or Art. 1, Sec. 17, or Art. 2, Sec. 1, or Art. 5, Sec. 3, of the Constitution of North Carolina, or the provisions of G.S. 160-399 (d). No reference to any of said constitutional and statutory provisions appears in the pleadings except in *plaintiffs' prayer for relief.*

Answering, defendant admitted all of plaintiffs' allegations except paragraph XIII wherein plaintiffs alleged: ". . . that the Redevelopment Commission of Greensboro is a duly constituted agency of the City of Greensboro; that it and the City Council are authorized by the laws and ordinances hereinabove referred to and pleaded herein to proceed with the redevelop-

ment plan above described and to spend public money on said project and that the laws and ordinances above referred to and pleaded herein are valid and constitutional exercises of the legislative power of the General Assembly of North Carolina and the City Council of the City of Greensboro."

Plaintiffs are (1) the City of Greensboro, a municipal corporation, (2) the individuals who comprise its City Council, (3) the Redevelopment Commission of Greensboro, a separate and distinct body corporate and politic, and (4) the individual members of the Commission.

The complaint, summarized, alleges:

The City Council of Greensboro, by ordinance of October 15, 1951, created the Redevelopment Commission. Upon the filing of a certified copy of this ordinance in his office, the Secretary of State issued a charter to the Redevelopment Commission. Thereupon the City Council appointed the members of the Commission. Its organization was completed by the election of officers, adoption of bylaws, etc.

On December 13, 1955, the Planning Board of Greensboro, at the request of the Commission, certified a described area within the corporate limits as a "redevelopment area." Thereupon the Commission prepared a comprehensive "redevelopment area plan."

The Commission "is proceeding with a proposal for the redevelopment of the area, which includes the proposed redevelopment contract, with the developer selected; that monies have been and will be expended in the development of said plan and that the development of said plan cannot proceed further without expenditure of substantial sums."

The City Council, by resolution, expressed its desire that the Commission prepare plans and surveys to carry out "an urban redevelopment project" and "agreed that the City of Greensboro would provide an amount in cash, streets, utilities, etc., which will not be less than one-third of the net project cost."

Attached exhibits show the metes and bounds of the "redevelopment area" and the various projects and features of the "redevelopment area plan."

Defendant is a citizen, resident and taxpayer of Greensboro. On July 26, 1957, he wrote a letter requesting that the City Council "take proper steps to have . . . determined by the courts of North Carolina" whether plaintiffs' actions or proposed actions would be in violation of any of the constitutional and statutory provisions referred to above.

The judgment recites that a jury trial was waived and the cause heard on "the pleadings, *affidavits* and exhibits" (our italics); and based thereon the court made extended *findings of*

*fact.* It was then adjudged that the Redevelopment Commission of Greensboro and the City Council of Greensboro "are authorized . . . to proceed with the redevelopment plan above described and to spend public money on said project." It was further adjudged that their actions and proposed actions do not and will not violate any of the constitutional and statutory provisions referred to above.

Defendant excepted to the judgment in its entirety and appealed therefrom.

*H. J. Elam, III, and King, Adams, Kleemeier & Hagan for plaintiffs, appellees.*
*Adam Younce for defendant, appellant.*
*Weston P. Hatfield and John T. Morrisey as amici curiae.*

BOBBITT, J. Jurisdiction under the Declaratory Judgment Act, G.S. 1-253 *et seq.*, may be invoked "only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute." *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404, and cases cited. It must appear that "a real controversy, arising out of their opposing contentions as to their respective legal rights and liabilities under a deed, will or contract in writing, or under a statute, municipal ordinance, contract or franchise, exists between or among the parties, . . ." *Light Co. v. Iseley,* 203 N.C. 811, 167 S.E. 56. The existence of such genuine controversy between parties having conflicting interests is a "jurisdictional necessity." *Tryon v. Power Co.,* 222 N.C. 200, 22 S.E. 2d 450.

"It is no part of the function of the courts, in the exercise of the judicial power vested in them by the Constitution, to give advisory opinions, . . ." *Stacy, C.J.,* in *Poore v. Poore,* 201 N.C. 791, 161 S.E. 532. "The statute (G.S. 1-253 *et seq.*) does not require the Court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise." *Seawell, J.,* in *Tryon v. Power Co., supra.* "The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice." *Ervin, J.,* in *Lide v. Mears, supra.* Also, see *Calcutt v. McGeachy,* 213 N.C. 1, 195 S.E. 49; *Trust Co. v. Whitfield,* 238 N.C. 69, 76 S.E. 2d 334, and *NASCAR, Inc., v. Blevins,* 242 N.C. 282, 87 S.E. 2d 490.

The validity of a statute, when *directly and necessarily* involved, *Person v. Watts,* 184 N.C. 499, 115 S.E. 336, may be determined in a properly constituted action under G.S. 1-253 *et seq., Calcutt v. McGeachy, supra;* but this may be done only when some specific provision(s) thereof is challenged by a

person who is directly and adversely affected thereby. Compare *Fox v. Comrs. of Durham,* 244 N.C. 497, 94 S.E. 2d 482.

*Conner, J.,* reminds us that confusion is caused "by speaking of an act as unconstitutional in a general sense." *St. George v. Hardie,* 147 N.C. 88, 97, 60 S.E. 920. The validity or invalidity of a statute, in whole or in part, is to be determined in respect of its adverse impact upon personal or property rights in a specific factual situation. As noted below, the General Assembly, when it enacted the "Urban Redevelopment Law," was well aware of the fact that "a statute may be valid in part and invalid in part." 82 C.J.S., Statutes Sec. 92; *Constantian v. Anson County,* 244 N.C. 221, 228, 93 S.E. 2d 163, and cases cited; *Keith v. Lockhart,* 171 N.C. 451, 457, 88 S.E. 640.

The judicial duty of passing upon the constitutionality of an Act of Congress or of an Act of the General Assembly is one "of great gravity and delicacy." *Adkins v. Children's Hospital,* 261 U.S. 525, 43 S.Ct. 394, 67 L.Ed. 785; *Person v. Doughton,* 186 N.C. 723, 120 S.E. 481. Since "every presumption is to be indulged in favor of" the validity of an Act of the General Assembly, *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22, the established judicial policy is to refrain from deciding constitutional questions unless (1) the judicial power is properly invoked, and (2) it is necessary to do so in order to protect the constitutional rights of a party to the action. *S. v. Lueders, supra; Turner v. Reidsville,* 224 N.C. 42, 46, 29 S.E. 2d 211. "A party who is not personally injured by a statute is not permitted to assail its validity; . . ." *Adams, J.,* in *Yarborough v. Park Com.,* 196 N.C. 284, 288, 145 S.E. 563.

Persons directly and adversely affected by the decision may be expected to analyze and bring to the attention of the court all facets of a legal problem. Clear and sound judicial decisions may be expected when specific legal problems are tested by fire in the crucible of actual controversy. So-called friendly suits, where, regardless of form, all parties seek the same result, are "quicksands of the law." *A fortiori,* this is true when the Court is asked to pass upon a complicated and comprehensive statute and multiple actions thereunder when no particular provision thereof or action thereunder is drawn into focus and specifically challenged by a person directly and adversely affected thereby.

The "Urban Redevelopment Law," now codified as G.S. 160-454 *et seq.,* was enacted by our General Assembly in 1951. The original Act (Ch. 1095, Session Laws of 1951) comprises fifteen and one-half pages, single space, 8-point type. Section 21 thereof, which was not codified, provided: "Separability of Provisions. Notwithstanding any other evidence of legislative intent, it is hereby declared to be the controlling legislative

intent that if any provision of this Act, or the application thereof to any person or circumstances, is held invalid, the remainder of the Act and the application of such provision to persons or circumstances other than those as to which it is held invalid, shall not be affected thereby."

Plaintiffs alleged that *all* of their actions and proposed actions are authorized by the "Urban Redevelopment Law."

Do the pleadings disclose a justiciable controversy? Defendant's answer does not challenge *any* of plaintiffs' alleged actions and proposed actions as violative of any particular constitutional or statutory provision. Defendant pleads no position whatever beyond his simple general denial of the legal conclusions alleged in plaintiffs' paragraph XIII. Indeed, it appears affirmatively that defendant suggested that this action be instituted, not because he challenged any of plaintiffs' actions and proposed actions but because he thought it advisable, in the phrase of *Seawell, J.,* to obtain an advisory opinion, which "the parties might, so to speak, put on ice to be used if and when occasion might arise."

The primary impact of plaintiffs' actions and proposed actions will be upon persons who reside or have property interests in the "redevelopment area," the area found by the Commission to be a "blighted area" as defined in G.S. 160-456 (q). The ground of alleged unconstitutionality stressed by defendant *in his brief* in this Court is that the "Urban Redevelopment Law" purports to vest in the Commission the power of eminent domain. G.S. 160-465. Yet defendant neither resides nor has property interests in the "redevelopment area." *If* unconstitutional in this respect, defendant is not directly and adversely affected thereby. Defendant's status is that of a citizen, resident and general taxpayer.

Conceding that a general taxpayer may challenge an illegal expenditure of the tax funds of the City of Greensboro and the validity of a proposed issuance of municipal bonds without legal authority, we are confronted by the fact that defendant's answer does not attack any of plaintiffs' actions on this or any other specific ground.

Defendant, *in his brief,* incidental to his said contention relating to the Commission's power of eminent domain, contends that "redevelopment" would not be "for a public use or public purpose."

But *even in his brief* defendant makes no contention that the City of Greensboro, in respect of contracts involving the expenditure of municipal funds for "redevelopment" purposes, must comply with the provisions of G.S. 160-399 (d) ; or (apart from a *statement* that "redevelopment" is not a *public purpose,*

hence cannot be considered *a necessary expense*) that the expenditure by the City of Greensboro of tax funds and bond proceeds would not be "for the necessary expenses" of the municipality within the meaning of Art. VII, Sec. 7, Constitution of North Carolina; or that the City of Greensboro has no power to issue municipal bonds for "redevelopment" purposes except upon compliance with the provisions of Art. V, Sec. 4, Constitution of North Carolina. If we assume that "redevelopment" is for a public purpose (Art. V. Sec. 3, Constitution of North Carolina), the constitutional provisions cited bear upon whether authority for the expenditure by the City of Greensboro of tax funds and bond proceeds does or may depend upon the approval of the voters in a municipal election.

It is understandable that plaintiffs desire blanket approval of their actions and proposed actions. But questions as to the validity and interpretation of the provisions of the "Urban Redevelopment Law" must await judicial decision until specific provisions thereof are challenged by persons directly and adversely affected thereby. Such persons are entitled to their day in court to show, if they can, that the enforcement of all or any of its provisions will result in an invasion or denial of their specific personal or property rights under the Constitution. They should not be precluded or prejudiced by a broadside decision in a case where the controversy is formal rather than genuine.

At the hearing below, plaintiffs offered and the court considered certain affidavits and in part based findings of fact thereon. Upon submission of a controversy without action under G.S. 1-250, the cause is for determination on the agreed facts. The court is without authority to consider evidence and find additional facts. *Realty Corp. v. Koon,* 216 N.C. 295, 4 S.E. 2d 850, and cases cited. This rule applies when the facts are stipulated. *Edwards v. Raleigh,* 240 N.C. 137, 81 S.E. 2d 273. Too, it applies to an action under the Declaratory Judgment Act when the pleadings do not raise issues of fact. G.S. 1-262. Here the facts are established by defendant's unequivocal admission of all of plaintiffs' factual allegations. Hence, the court should not have considered the affidavits offered by plaintiffs; and the findings of fact incorporated in the judgment to the extent they differ from or go beyond the facts established by the pleadings are not considered here.

Our conclusion is that consideration and decision of the several questions *suggested by plaintiffs* relating (1) to the powers of the Commission, and (2) to the limitations upon the City of Greensboro in respect of the appropriation of tax funds and the issuance of municipal bonds for "redevelopment" pur-

poses, must be deferred until actions either of the Commission or of the City of Greensboro are properly and specifically challenged by a person directly and adversely affected thereby.

The absence of a genuine justiciable controversy requires that the judgment be reversed and the action dismissed. It is so ordered.

Reversed.