**AUGER v. AUGER**

[149 N.C. App. 851 (2002)]

LESLIE S. AUGUR, Plaintiff v. RICHARD G. AUGUR, Defendant

No. COA01-220

(Filed 16 April 2002)

**Declaratory Judgment— subject matter jurisdiction—actual controversy**

The trial court erred by dismissing defendant's counterclaim for a declaratory judgment that the Domestic Violence Act is unconstitutional as being moot after the trial court dismissed plaintiff's complaint seeking a domestic violence protective order, and the case is remanded to the trial court to consider and rule upon defendant's requested declaratory judgment because: (1) the trial court has subject matter jurisdiction to render a declaratory judgment when there is an actual controversy both at the time of the pleading and at the time of hearing; and (2) an actual controversy existed between plaintiff and defendant at the time defendant filed his answer and counterclaim for a declaratory judgment on 1 November 1999 and at the time of the return hearing on 13 December 1999.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 11 December 2000 by Judge Gary S. Cash in Buncombe County District Court. Heard in the Court of Appeals 8 January 2002.

*Pisgah Legal Services, by Anne Bamberger, for plaintiff-appellee.*

*Carter & Kropelnicki, P.A., by Steven Kropelnicki, Jr., for defendant-appellant.*

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Emery E. Milliken, for the State of North Carolina, amicus curiae.*

TYSON, Judge.

Richard G. Augur ("defendant") appeals from judgment dismissing plaintiff's complaint for a domestic violence protective order and denying defendant's counterclaim for a declaratory judgment that the Domestic Violence Act is unconstitutional. We affirm the trial court's judgment in part and reverse and remand in part.

**AUGER v. AUGER**

[149 N.C. App. 851 (2002)]

## I. Facts

Defendant and Leslie S. Augur ("plaintiff") were married in 1981 and divorced in 1996. Three children were born of the marriage.

Plaintiff sought a domestic violence protective order ("DVPO") on 26 October 1999 claiming that defendant abused her the day before at a soccer game and that defendant had been physically and sexually abusive to her in the past. The court entered plaintiff's *ex parte* DVPO on 28 October 1999. At the return hearing on 1 November 1999, defendant served plaintiff with an answer and counterclaim for a declaratory judgment. Defendant also moved for and received a continuance to prepare for the hearing. The DVPO remained in effect. The trial court eliminated the provision in the DVPO that prohibited defendant from possessing and purchasing a firearm with plaintiff's consent.

On 13 December 1999, the trial court held a hearing on the merits. The trial court found that plaintiff had failed to prove that defendant committed any acts of domestic violence and dismissed plaintiff's complaint. The trial court retained defendant's counterclaim under advisement. The North Carolina Attorney General was given due notice as required by the Declaratory Judgment Act. N.C. Gen. Stat. § 1-260 (1931).

On 7 August 2000, the trial court entered an order dismissing defendant's counterclaim finding that the issue was moot after the court dismissed plaintiff's complaint on 13 December 1999.

Defendant filed a Rule 60 motion for relief from judgment or order on 29 August 2000. On 6 September 2000, defendant timely filed notice of appeal to our Court. On 25 October 2000, the trial court set aside the 7 August 2000 order to give the North Carolina Attorney General an opportunity to be heard. The trial court entered a new and final judgment on 11 December 2000. Defendant appealed on 8 January 2001.

## II. Issues

Defendant assigns as error the trial court's (1) holding that the issues raised in defendant's counterclaim are moot, (2) denying defendant's counterclaim that the Domestic Violence Act is unconstitutional, and (3) refusing to consider defendant's declaratory judgment counterclaim even if it was moot.

Defendant in his brief asks us to consider the constitutionality of the Domestic Violence Act as contained in Chapter 50B of the North Carolina General Statutes. The trial court did not address the merits of his request for a declaratory judgment. "Although the North Carolina Declaratory Judgment Act does not state specifically that an actual controversy between the parties is a jurisdictional prerequisite to an action thereunder, our case law does impose such a requirement." *Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 583, 347 S.E.2d 25, 29 (1986) (citing *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 234, 316 S.E.2d 59, 61 (1984)). In ruling on the requisite timing of the controversy, our Supreme Court held that in order for a court to have subject matter jurisdiction to render a declaratory judgment, there must be "an actual controversy . . . both at the time of the filing of the pleading and at the time of hearing." *Sharpe*, 317 N.C. at 585, 347 S.E.2d at 30 (citing *Harrison*, 311 N.C. at 234-35, 316 S.E.2d at 62) (emphasis supplied).

At the time defendant filed his answer and counterclaim for a declaratory judgment on 1 November 1999, and at the time of the return hearing on 13 December 1999, an actual controversy existed between plaintiff and defendant. Plaintiff and defendant were divorced in 1996 after lengthy and rancorous divorce proceedings. Sometime in 1997, plaintiff filed a domestic violence complaint and obtained an *ex parte* order against defendant. Plaintiff dismissed the case before a hearing was held.

On 26 October 1999, plaintiff filed for a DVPO. She appeared *ex parte* and *pro se* on 28 October 1999 and obtained the DVPO, which found that: (1) defendant had committed acts of domestic violence against plaintiff, and (2) the *ex parte* DVPO was necessary to protect plaintiff; the DVPO ordered that defendant: (1) shall not interfere with, assault, threaten, abuse, follow, or harass plaintiff, (2) shall stay away from plaintiff's residence and work, (3) shall have no contact with plaintiff, and (4) is prohibited from possessing and purchasing a firearm. Plaintiff and defendant appeared at the return hearing on 1 November 1999. Defendant served plaintiff at the return hearing with his answer, counterclaim for a declaratory judgment, request to lift the firearm restriction, and a request for a continuance, arguing that he could not mount a proper defense on 3 days notice. Plaintiff consented to the continuance and the lifting of the firearm restriction. At the return hearing on 13 December 1999, the trial court found that defendant did not commit an act of domestic violence against plaintiff, dismissed plaintiff's complaint, and took defendant's counterclaim under advisement.

Article 26 "is declared to be remedial, its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and it is to be liberally construed and administered." N.C. Gen. Stat. § 1-264 (1931). "[C]laims for injunctive and declaratory relief regarding 'any statute' or 'any claim of constitutional right' are the particular province of the superior courts." *Simeon v. Hardin*, 339 N.C. 358, 368, 451 S.E.2d 858, 865 (1994) (citing N.C. Gen. Stat. § 7A-245 (1989)). We hold that an actual controversy existed between plaintiff and defendant at the time defendant filed his answer and counterclaim for a declaratory judgment on 1 November 1999, and at the time of the return hearing on 13 December 1999, in order to determine the constitutionality of the Domestic Violence Act. "[A] counterclaim is in the nature of an independent proceeding and is not automatically determined by a ruling in the principal claim . . . ." *Brooks v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984) (citing N.C. Gen. Stat. § 1A-1, Rule 13 (1967)). Defendant is entitled under the Declaratory Judgment Act to a determination of the constitutionality of the Domestic Violence Act.

We re-affirm this Court's general rule that we will not decide constitutional issues in the first instance when the trial court has not ruled upon them. *State v. Cummings*, 353 N.C. 281, 292, 543 S.E.2d 849, 856 (2001) ("Constitutional questions that are not raised and passed upon in the trial court will not ordinarily be considered on appeal.") (citing *State v. Braxton*, 352 N.C. 158, 173, 531 S.E.2d 428, 436-37 (2000), *cert. denied*, 531 U.S. 1130, 148 L. Ed.2d 797 (2001); *accord Nobles*, 350 N.C. at 495, 515 S.E.2d at 893)).

We affirm that portion of the trial court's judgment dismissing plaintiff's complaint. We reverse the trial court's order dismissing defendant's counterclaim and remand to the trial court to consider and rule upon defendant's requested declaratory judgment.

Affirmed in part, reversed and remanded in part.

Judge HUNTER concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

As I believe the trial court did not have subject matter jurisdiction under the Declaratory Judgment Act, I dissent.

A trial court only has subject matter jurisdiction under the Declaratory Judgment Act if "an actual controversy . . . exist[s] at the time the pleadings [are] filed and at the time of [the] hearing." *Hammock v. Bencini*, 98 N.C. App. 510, 512, 391 S.E.2d 210, 211 (1990). In addition, although a trial court has the power to determine the validity of a statute, it can do so only "when some specific provision(s) thereof is challenged by a person who is directly and adversely affected" by the statute. *Greensboro v. Wall*, 247 N.C. 516, 519-20, 101 S.E.2d 413, 416 (1958). Thus, the "validity or invalidity of a statute, in whole or in part, is to be determined in respect of its adverse impact upon personal or property rights in a specific factual situation." *Id.* at 520, 101 S.E.2d at 416. Consequently, an individual can challenge a statute only when he can show that "the enforcement of all or any of its provisions will result in an invasion or denial of [his] specific personal or property rights under the Constitution." *Id.* at 522, 101 S.E.2d at 418.

In this case, an actual controversy existed between plaintiff and defendant at the time defendant filed his counterclaim seeking a declaratory judgment to determine the constitutionality of the Domestic Violence Act. After the trial court dismissed plaintiff's complaint on 13 December 1999, however, the issue raised in defendant's counterclaim was necessarily terminated, as he was no longer adversely affected by the Domestic Violence Act. Accordingly, the trial court was without subject matter jurisdiction to entertain a claim under the Declaratory Judgment Act concerning the constitutionality of the Domestic Violence Act. I, therefore, would affirm the trial court in denying defendant's counterclaim for a declaratory judgment.