ERNEST L. BARTON, PLAINTIFF, v. FRANK D. GRIST, COMMISSIONER OF LABOR AND PRINTING.

(Filed 26 January, 1927.)

1. **Constitutional Law—Statutes—Employment Agencies—Initial Fees—Injunction.**

    The question of the constitutionality of a statute prohibiting employment agencies to charge an initial fee for its services, does not arise upon the citation by the Commissioner of Labor and Printing to the agency to appear and show cause in court why the agency's license should not be revoked for the violation of the statute in this respect, it presently not appearing whether the agency had charged such fee or the adverse action of the commissioner upon the question involved.

2. **Same—Courts—Advisory Opinions.**

    The courts will not anticipate questions of constitutional law in advance of the necessity of deciding them, or give advisory opinions thereon.

CIVIL ACTION, before *Stack, J.*, at September Term, 1926, of MECK-LENBURG.

This was an action instituted by the plaintiff for an injunction restraining the defendant, Commissioner of Labor and Printing, from requiring the plaintiff to appear and show cause why the license issued by the Department of Labor and Printing to the plaintiff should not be revoked.

The plaintiff is engaged in conducting and operating an employment agency under the name of Queen City Employment Agency in the city of Charlotte, and a license has been duly issued to the plaintiff to operate such employment agency in accordance with the provision of chapter 127, Public Laws 1925.

On 3 September, 1926, the defendant issued to the plaintiff the following notice: "Upon evidence on file in this department, it appears that the Queen City Employment Agency, Room 16-17, Brown Building, Charlotte, N. C., has not been operating according to statute passed by the General Assembly, 1925, entitled An Act to Regulate Private Employment Agencies, being chapter 127, Private Laws of 1925.

The evidence shows that the Queen City Employment Agency has violated subsection 1, section 1, of the aforesaid act by charging initial fee for services. Therefore you are hereby notified to appear at a hearing before the Commissioner of Labor and Printing of the State of North Carolina at 2 o'clock p.m., Tuesday, 21 September, 1926, at Mecklenburg County courthouse, in the city of Charlotte, N. C., to show cause why the license issued by the Department of Labor and Printing to the Queen City Employment Agency should not be revoked."

Thereupon, the plaintiff instituted an action against the defendant for the purpose of restraining and enjoining said defendant from revoking the license issued to the plaintiff "upon the ground that the plaintiff charges an initial fee for services or has charged fees for services not as specified in said act."

The court rendered the following judgment, from which judgment the plaintiff appealed:

"This cause coming on to be heard before his Honor, A. M. Stack, judge presiding, on motion to show cause why the temporary injunction heretofore issued in this cause should not be made permanent, after hearing same, the court being of the opinion that the plaintiff has no right to charge an initial fee of $1.00, therefore dissolves the temporary injunction, but the restraining order will continue in effect until the case can be heard in the Supreme Court upon the express understanding and agreement on the part of the plaintiff that he will not charge the $1.00 fee until the question can be decided by the Supreme Court."

*Walter Clark for plaintiff.*

*Attorney-General Brummitt and Assistant Attorneys-General Nash and Allen for defendant.*

BROGDEN, J. This action is brought to restrain the defendant from instituting a hearing to determine whether or not the plaintiff has violated subsection 1, section 1, chapter 127, Public Laws 1925, which pro-

vides "that the employment agency shall not charge any initial fee for its services." It is not alleged in the complaint that the plaintiff has charged an initial fee for its service or the amount thereof. The notice served upon plaintiff by the defendant intimates that the defendant has violated subsection 1, section 1, of said act of the General Assembly by charging an initial fee for services. The judgment of the court declares "the court being of the opinion that the plaintiff had no right to charge an initial fee of one dollar, therefore dissolves the temporary injunction." But there is no allegation in the pleadings nor any evidence in the record that the plaintiff has charged an initial fee or has otherwise undertaken to violate subsection 1, section 1, of said act. In its final analysis, as disclosed by this record, the basis of plaintiff's action is the restraining of defendant from holding a hearing upon the question as to whether or not the plaintiff has violated the law. The relief asked is that the court shall declare the act unconstitutional upon the ground that the Legislature is without constitutional power to regulate compensation that an individual shall receive for certain personal services, and that the Legislature is further without constitutional power to specify the maximum amount that an individual may contract for in rendering personal services.

The notice of the hearing limits the hearing to the determination as to whether or not subsection 1, section 1, of said act has been violated. In the absence of any allegation or proof that any initial fee is being charged by the plaintiff, or, if so, whether the amount is reasonable, the constitutional questions invoked are not properly raised upon the record. For the Court to declare invalid an unenforced statute would be equivalent to passing upon a "mere abstraction." *Wardens v. Washington,* 109 N. C., 21; *Scott v. Smith,* 121 N. C., 94; *Paul v. Washington,* 134 N. C., 363; *Hargett v. Bell,* 134 N. C., 395; *S. v. R. R.,* 145 N. C., 521; *Crawford v. Marion,* 154 N. C., 73.

The Court cannot assume that the defendant will revoke the license of the plaintiff, certainly in the absence of any allegation or proof to the effect that plaintiff has violated the statute by charging an initial fee. In this State the rule has been universally adhered to, that the courts never anticipate questions of constitutional law in advance of the necessity of deciding them, "nor do they venture advisory opinions on constitutional questions." *Moore v. Bell,* 191 N. C., 305; *Person v. Doughton,* 186 N. C., 725; *S. v. Corpening,* 191 N. C., 751; *Wood v. Braswell,* 192 N. C., 588.

While the judgment of the court declares "plaintiff has no right to charge an initial fee of one dollar," there is no allegation or proof to support such declaration of the judgment. The judgment is
     Affirmed.