POORE *v.* POORE.

Remanded.

---

MRS. GEORGE F. POORE ᴇᴛ ᴀʟ. v. ROBERT R. POORE.

(Filed 16 December, 1931.)

**Actions A a—Action may not be maintained to determine abstract or moot question.**

The Declaratory Judgment Act, chapter 102, Public Laws of 1931, does not extend to a submission of a theoretical question or a mere abstraction, and this proceeding, instituted before the probate of the will to determine whether the mutual will of a husband and wife is revoked by the subsequent marriage of the husband after the wife's death, is dismissed.

Aᴘᴘᴇᴀʟ by defendant from *Harwood, Special Judge,* at October Term, 1931, of Bᴜɴᴄᴏᴍʙᴇ.

Controversy without action submitted under chapter 102, Public Laws 1931, upon an agreed statement of facts, to have the following *quære* answered: Is a joint and mutual will of husband and wife revoked by the subsequent marriage of the husband after the death of the wife?

On 25 December, 1928, George F. Poore and wife, Annie E. Poore, executed a joint and mutual will, in which Robert R. Poore, defendant herein, is named executor, as well as beneficiary.

On 12 April, 1929, the said Annie E. Poore died.

On 7 August, 1929, the said George F. Poore married his deceased wife's sister, Maggie D. Cole, who is also one of the beneficiaries under said will.

On 7 April, 1931, the said George F. Poore died.

The plaintiffs, who are beneficiaries under the said joint and mutual will, contend that its validity was not affected by the subsequent marriage of the said George F. Poore, while the defendant, who is named executor therein, has been advised by counsel that said will was revoked by said subsequent marriage. C. S., 4134.

"It is agreed that if, upon the foregoing facts, the court is of opinion that the defendant should probate the said will, the defendant will probate it, qualify as executor and proceed with the administration of the estate, and that judgment shall be entered declaring that the will is not void under the foregoing facts; but if the court should be of opinion that the subsequent marriage of George F. Poore to Maggie D. Cole rendered the will void, then judgment shall be entered so declaring and the defendant will not be required to offer the same for probate."

From a judgment declaring that the joint and mutual will in question was not rendered void by the subsequent marriage of the surviving husband, and directing that the defendant "have the said will admitted to probate and proceed with the administration of the estate," the defendant appeals, assigning errors.

*Merrimon, Adams & Adams* for plaintiffs.
*George M. Pritchard* for defendant.

STACY, C. J. The parties have misconceived the scope of the Declaratory Judgment Act, chap. 102, Public Laws 1931. It does not extend to the submission of a theoretical problem or a "mere abstraction." *Barton v. Grist,* 193 N. C., 144, 136 S. E., 344. If it did, its validity might well be doubted. *In re Cryan's Estate,* 301 Pa., 386, 152 Atl., 675. It is no part of the function of the courts, in the exercise of the judicial power vested in them by the Constitution, to give advisory opinions, or to answer moot questions, or to maintain a legal bureau for those who may chance to be interested, for the time being, in the pursuit of some academic matter. *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *Muskrat v. U. S.,* 219 U. S., 346, 55 L. Ed., 246. See valuable article by Dean M. T. Van Hecke in North Carolina Law Review, December, 1931, entitled, "The North Carolina Declaratory Judgment Act."

It is provided by C. S., 4163 that no paper-writing or script, purporting to be a will, shall be valid as such, or effectual to pass any real or personal property, unless and until it is duly probated. *Osborne v. Leak,* 89 N. C., 433. And when a paper-writing or script, purporting to be a will, is properly admitted to probate, it becomes a valid will, until vacated on appeal or declared void by a competent tribunal. C. S., 4145; *Holt v. Ziglar,* 163 N. C., 390, 79 S. E., 805.

So, regardless of how we might answer the question propounded, it would in nowise determine the validity or invalidity of the paper-writing or script mentioned as the joint and mutual will of George F. Poore and Annie E. Poore. *In re Davis' Will,* 120 N. C., 9, 26 S. E., 636. It has

not yet been offered for probate. Furthermore, it was admitted on the argument, and also appears from an inspection of the record, that only beneficiaries under the will are parties to this proceeding. The presence of a proper contradicter may be doubted (Freeman on Judgments, sec. 1356), but we put aside any consideration of the Declaratory Judgment Act, further than to say that the present proceeding is not within its terms.

Proceeding dismissed.