COMPETITOR LIAISON BUREAU OF NASCAR, INC., NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., JAMES F. CHESNUTT, DIXIELAND SPEEDWAYS, INC., AND J. & W. CORPORATION, AND WILLIAM H. G. FRANCE, v. REBECCA J. BLEVINS, VICKY A. BLEVINS, MINOR, REBECCA M. BLEVINS AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM W. BLEVINS, AND MRS. ELMA BLEVINS.

(Filed 25 May, 1955.)

1. **Declaratory Judgment Act § 2b—**

The Declaratory Judgment Act does not authorize the submission of a theoretical problem or a mere abstraction. G.S. 1-253.

2. **Same—Facts held insufficient to present controversy cognizable under Declaratory Judgment Act.**

This proceeding under the Declaratory Judgment Act was instituted to ascertain whether insurance issued in connection with auto racing sanctioned by the parent company precluded recovery for wrongful death against the promoters or managers of such sanctioned races. It was admitted that the insured was fatally injured in a collision in a sanctioned racemeet, and it appeared that the administratrix of insured had instituted action for wrongful death against the promoters and managers of that racemeet. *Held:* The question of negligence is a question incidental to the action by the administratrix, and in the absence of an admission in the action under the Declaratory Judgment Act that insured's death resulted from negligence, the facts are insufficient to present a controversy cognizable under the Declaratory Judgment Act, and the cause is remanded by the Supreme Court *ex mero motu.*

APPEAL by plaintiffs from *Stevens, J.,* at February Civil Term, 1955, of CUMBERLAND.

Civil action instituted under the provisions of the Uniform Declaratory Judgment Act, G.S. 1-253, *et seq.*

The pleadings shown in the record on this appeal disclose these uncontroverted facts:

1. That on 7 June, 1953, William W. Blevins entered into a benefit plan conducted by Competitor Liaison Bureau of NASCAR, Inc., and made application for license to participate in NASCAR sanctioned stock car racemeets, and executed registration agreement for participation in such benefit plan. In the application Rebecca J. Blevins and Vicky A. Blevins are designated as death beneficiaries. And the application contains these provisions:

"I expressly understand and agree that upon issuance of NASCAR license to me, and upon payment of fees required by NASCAR, I will be entitled only to the benefits provided by the Benefit Plan of Competitor Liaison Bureau of NASCAR, Inc., for injuries (including death) I might sustain in NASCAR-sanctioned racemeets or other events pursuant to the contract between NASCAR and Competitor Liaison Bureau of NASCAR, Inc., and the insurance carrier and upon presentation of proofs required.

"It is further understood and agreed that the foregoing shall be and constitute the limit of liability for any injuries (including death) that I may incur, provided claim is filed within 30 days of accident.

"In consideration of the acceptance by NASCAR of my license application and issuance of license, and in consideration of the foregoing, I do hereby release, remise and forever discharge NASCAR, the promoters presenting races or other events under NASCAR sanction, and the owners and lessees of premises in which NASCAR sanctioned races or other events are presented, and the officers, directors, agents, employees and servants of all of them, of and from all liability, claims, actions and possible causes of action whatsoever that may accrue to me or to my heirs, next of kin and personal representatives, from every and any loss, damage and injury (including death) that may be sustained by my person and property while in, about, and en route into and out of premises where NASCAR sanctioned races or other events are presented."

2. That this action is instituted under the provisions of Article 26, Chapter 1 of the General Statutes of North Carolina, entitled "Declaratory Judgments," to have declared the rights, status and legal relations of the parties hereto as they are affected by the benefit plan contract just above mentioned.

3. That on 19 September, 1953, William W. Blevins suffered fatal injuries in a collision of race cars while participating in a licensed racemeet and while subject to the benefit plan registration agreement hereinabove mentioned.

4. That Rebecca M. Blevins, as administratrix of the estate of William W. Blevins, deceased, has made demand upon plaintiffs for damages on account of the alleged wrongful death of William W. Blevins.

5. "That plaintiffs have in good faith paid into the Superior Court of Cumberland County, North Carolina, death benefit proceeds under said benefit plan in the sum of $3,000, which sum is now being held by the Clerk of said court in escrow for disbursement in accordance with final judgment in this cause.

6. "That plaintiffs and each of them have a real interest in the said benefit plan registration agreement and the rights, status and legal relations of the parties hereto as they are affected by the provisions thereof, and that an actual controversy exists between the parties hereto which can be settled by a decree of this court and this court should determine the status and rights of parties to this cause under said contract and agreement to avoid injury or damage."

Upon hearing in Superior Court, parties agreed to facts, substantially in accord with the above.

But the record further shows that defendants, in further answer and defense, aver:

"1. That the benefit plan registration, . . . provides certain benefits, or refers to a plan which provides certain benefits, for injury or death, but that said benefit plan registration does not absolve, nor does it purport to absolve, the plaintiffs in this action from their liability for the death of William W. Blevins, as a result of the negligent acts of the plaintiffs in this action.

"2. That the benefit plan registration, . . . if it does have the legal effect of purporting to absolve any of the plaintiffs herein from liability for their negligent acts, should in that part be declared void, as being contrary to sound public policy.

"3. That prior to the filing of this complaint by the plaintiffs herein, the defendant, Rebecca M. Blevins, as Administratrix of the Estate of William W. Blevins, deceased, had filed in the Superior Court of Cumberland County, North Carolina, a complaint against all of the plaintiffs in this action except Competitor Liaison Bureau of NASCAR, Inc., demanding damages for the wrongful death of William W. Blevins, and alleging that such death was the sole and proximate result of certain negligent acts of William H. G. France, National Association for Stock Car Auto Racing, Inc., James F. Chesnutt, Dixieland Speedways, Inc., and J. & W. Corporation.

"4. That this present action brought by the plaintiffs against Rebecca M. Blevins, *et als.,* is not a proper action for the determination of the effect of the alleged negligence of said plaintiffs, as alleged in the said complaint of Rebecca M. Blevins, Administratrix; but rather said determination should be made at the trial of the action instituted by Rebecca M. Blevins, Administratrix.

"5. There is no privity between the defendants and the plaintiffs other than Liaison Bureau of NASCAR, Inc., and there was no consideration moving from the plaintiffs other than Liaison Bureau of NASCAR, Inc., and this action ought to be dismissed as to all plaintiffs except Liaison Bureau of NASCAR, Inc."

The cause coming on for hearing before the Judge presiding at February 1955 Civil Term of Superior Court of Cumberland County, and being heard on the pleadings and on agreed statement of facts submitted by the parties, the court finding: "(a) That this is a proper controversy for determination of the rights, status and legal relations of the parties under Article 26, Chapter 1, of the General Statutes of North Carolina;

"(b) That the defendants Rebecca J. Blevins and Vicky A. Blevins are entitled to the sum of $3,000.00, one-half to be paid to Rebecca J. Blevins and one-half to be paid to Rebecca M. Blevins as guardian for Vicky A. Blevins; and

"(c) That neither such payment nor the benefit plan registration agreement nor benefit plan under which it is paid constitutes a bar to any action or recovery in any action by the Administratrix of the Estate of William W. Blevins for wrongful death based on negligence of the plaintiffs in this action"; ordered, adjudged and decreed:

"1. That the Clerk of the Superior Court of Cumberland County shall pay to the defendant, Rebecca J. Blevins, individually, the sum of $1,500.00, and to Rebecca M. Blevins, as guardian for the defendant, Vicky A. Blevins, the sum of $1,500.00, deposited with said Clerk by the plaintiffs in this cause, under the terms of that certain benefit plan.

"2. That neither such payment nor said benefit plan registration agreement nor said benefit plan constitutes a bar to any action, or recovery in any action, by the Administratrix of the Estate of William W. Blevins for wrongful death of William W. Blevins based on negligence."

Plaintiffs excepted to findings of fact (b) and (c) respectively, and to the judgment, Exceptions 1, 2 and 3, and appeal to Supreme Court and assign error.

*Long, Ridge, Harris & Walker and Tally, Tally & Brewer for plaintiffs, appellants.*

*Rose & Sanford and L. Stacy Weaver, Jr., for defendants, appellees.*

WINBORNE, J.   Appellants in their brief filed here state the following as the question involved on this appeal: "Do the release provisions of registration agreement executed by participant in stock car race prior to entering race event constitute a bar to claim for injury and death on

account of alleged negligence of plaintiffs during course of race?" Patently as here presented this is a moot question. In the first place, sufficient facts are not agreed to present a controversy cognizable under the Uniform Declaratory Judgment Act. It is not admitted that the death of William W. Blevins, participant in a stock car race, was the proximate result of negligence of anyone.

This Court has held that the scope of the Uniform Declaratory Judgment Act, G.S. 1-253 *et seq.,* does not extend to the submission of a theoretical problem or a mere abstraction. *Poore v. Poore,* 201 N.C. 791, 161 S.E. 532; *Light Co. v. Iseley,* 203 N.C. 811, 167 S.E. 56.

Again, while it is set forth in the record that the administratrix of Blevins has made and now makes demand for damages on account of his alleged wrongful death, there is no agreement or fact found in respect to the averments in defendants' answer to the effect that before plaintiffs filed their complaint in this action, the defendant administratrix here, as plaintiff, had filed an action in Superior Court of Cumberland County against all of the plaintiffs in this action, defendants there, except NASCAR, demanding damages for the wrongful death of William W. Blevins,—alleging that his death was the sole and proximate result of certain negligent acts of defendants there. If such be true, an issue as to negligence of defendants in that action is necessarily involved. And the parties may not take time out in the prosecution of that action to ask this Court for an advisory opinion as to a question incidental to that action. See *Redmond v. Farthing,* 217 N.C. 678, 9 S.E. 2d 405.

For reasons stated, this Court, *ex mero motu,* remands the cause for further proceedings as right requires, and justice demands.

Error and remanded.