COMPETITOR LIAISON BUREAU OF NASCAR, INC., v. MRS. J. R. MIDKIFF AND J. R. MIDKIFF, ADMINISTRATOR OF THE ESTATE OF JESSE MIDKIFF, DECEASED.

(Filed 7 June, 1957.)

**1. Controversy Without Action § 4—**

Where the parties submit the cause upon stipulation of facts, the hearing is on the facts stipulated, and assignment of error for failure of the court to make certain requested findings of fact and conclusions of law is inapposite.

**2. Appeal and Error § 1—**

Upon appeal from judgment entered on facts stipulated, the review relates to whether the judgment is correct upon the stipulated facts and not the reasoning upon which the lower court reached the conclusion embodied in the judgment.

**3. Appeal and Error § 38—**

An assignment of error not discussed in the brief is deemed abandoned.

**4. Election of Remedies § 1—**

The doctrine of election of remedies applies when co-existing, but inconsistent, remedial rights vest in the same person so that such person must choose between the inconsistent and repugnant remedial rights.

**5. Infants § 6—Institution of action for wrongful death by minor's administrator cannot constitute disaffirmance of insurance agreement as to beneficiary named therein.**

A minor signed a registration agreement with the promoter of auto racing which provided, in consideration of the payment of the fees required, that he or his beneficiary would be entitled to certain benefits for death or any injury he might sustain in the auto racing events contemplated, and that such benefits should be the sole right and should bar claim for injury or death in such races. After the minor's death in an accident, his administrator instituted a suit for wrongful death. The promoter contended that the institution of such suit by the administrator was a disaffirmance of the insurance agreement, and in an action between it and the beneficiary of the insurance certificate, tendered refund of the registration fee. *Held:* The right of action for wrongful death existed in favor of the administrator alone, G.S. 28-173, and therefore the institution of the action could not be an election by the beneficiary of the certificate, and could not bar the action on the certificate.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from judgment of *Nimocks, J.,* entered 20 March, 1957, ALAMANCE Superior Court.

Plaintiff instituted this action on 18 November, 1953, under the Declaratory Judgment Act, G.S. 1-253 *et seq.,* asserting its ownership of a fund of $3,000.00 now held by the Clerk of the Superior Court of Alamance County. J. R. Midkiff, administrator of the estate of Jesse Midkiff, deceased, originally a defendant herein, demurred to the complaint. By judgment entered 21 January, 1954, said demurrer was sustained; and the action, as to said administrator, was dismissed. Mrs. J. R. Midkiff, now sole defendant, answering, asserted ownership of said $3,000.00 fund.

The record shows that the hearing was before Nimocks, J., at May Civil Term, 1954, on a "Stipulation of Facts." The following is a condensed statement thereof.

Under date of 3 June, 1953, Jesse Midkiff signed an application "for registration in the Benefit Plan of Competitor Liaison Bureau of NASCAR, Inc., in accordance with NASCAR rules," hereinafter called registration agreement. Apart from data identifying the applicant and his death beneficiary, to wit, Mrs. J. R. Midkiff, the applicant's mother, the registration agreement provided:

"I expressly understand and agree that upon issuance of NASCAR license to me, and upon payment of fees required by

NASCAR, I will be entitled only to the benefits provided by the Benefit Plan of Competitor Liaison Bureau of NASCAR, Inc. for injuries (including death) I might sustain in NASCAR-sanctioned racemeets or other events pursuant to the contract between NASCAR and Competitor Liaison Bureau of NASCAR, Inc., and the insurance carrier and upon presentation of proofs.

"It is further understood and agreed that the foregoing shall be and constitute the limit of liability for any injuries (including death) that I may incur, provided claim is filed within 30 days of the accident.

"In consideration of the acceptance by NASCAR of my license application and issuance of license, and in consideration of the foregoing, I do hereby release, remise and forever discharge NASCAR, the promoters presenting races or other events under NASCAR sanction, and the owners and lessees of premises in which NASCAR sanctioned races or other events are presented, and the officers, directors, agents, employees and servants of all of them, of and from all liability, claims, actions and possible causes of action whatsoever that may accrue to me or to my heirs, next of kin and personal representatives, from every and any loss, damage and injury (including death) that may be sustained by my person and property while in, about, and enroute into and out of premises where NASCAR sanctioned races or other events are presented.

"I have read and fully understand the foregoing."

On 19 September, 1953, "while a registered participant" in plaintiff's benefit plan, Jesse Midkiff was killed "in a NASCAR-sanctioned race-meet"; and under plaintiff's benefit plan Mrs. J. R. Midkiff, as death beneficiary, became entitled to $3,000.00.

Jesse Midkiff died intestate. J. R. Midkiff, his father, qualified as administrator of Jesse Midkiff's estate. On 3 October, 1953, the administrator brought suit, *now pending* in Alamance Superior Court, against plaintiff and others for the alleged wrongful death of his intestate. (See *Midkiff v. Auto Racing, Inc.*, 240 N.C. 470, 82 S.E. 2d 417, where judgment overruling demurrers was sustained.)

Before the administrator instituted said wrongful death action, plaintiff forwarded its check dated 21 September, 1953, to Mrs. J. R. Midkiff. Plaintiff had placed thereon an endorsement to be signed by Mrs. J. R. Midkiff to the effect that her acceptance would constitute a release by her "of all claims the payee might have against National Association for Stock Car Auto Racing, Inc., and/or Competitor Liaison Bureau of Nascar, Inc., and/or J. & W. Corporation on account of the death of Jesse Midkiff." It does not appear when Mrs. J. R. Midkiff received this check. It does appear that, after the wrongful death action was

instituted, she refused to sign the said endorsement, struck it out, and signed in lieu thereof an endorsement she placed thereon, to wit: "In settlement of insurance on life of Jesse Midkiff by Competitor Liaison Bureau of Nascar, Inc., under benefit plan in event of death." Plaintiff's check, bearing this substituted endorsement, was not honored. Mrs. J. R. Midkiff then contended and now contends that she was and is entitled to the $3,000.00 death benefit unconditionally.

Thereupon, plaintiff deposited with said clerk the sum of $3,000.00, for disbursement in accordance with final judgment herein. Also, plaintiff deposited with said clerk the additional sum of $2.00, to wit, the amount paid as registration fee by Jesse Midkiff when he signed the registration agreement.

The plaintiff's benefit plan, referred to in the registration agreement, is underwritten by American Universal Insurance Company.

In said registration agreement, Jesse Midkiff gave 18 August, 1931, as the date of his birth; but on 3 June, 1953, and also on 19 September, 1953, he was less than 21 years of age.

The record shows that, upon conclusion of said hearing, the parties "stipulated and agreed that the Judge might hear the matter upon the pleadings and agreed facts and render his judgment out of term, out of the county and out of the district."

Judgment dated 20 March, 1957, was entered. Judge Nimocks, being of the opinion that "Mrs. J. R. Midkiff is entitled to recover the sum of $3,000 as beneficiary under said benefit plan," adjudged that the clerk pay the said $3,000.00 to her and that plaintiff pay the costs. Plaintiff excepted and appealed.

*Long, Ridge, Harris & Walker for plaintiff, appellant.*

*Thomas C. Carter, Clarence Ross, and Basil Sherrill for defendant, appellee.*

BOBBITT, J. Plaintiff assigns as error the failure of the court to make certain requested findings of fact and conclusions of law; but these assignments are based on a misconception of the nature of the hearing. The hearing was not on evidence submitted to the court, upon waiver of jury trial in accordance with G.S. 1-184. When this procedure is adopted, a statement of the court's findings of fact and conclusions of law is appropriate. G.S. 1-185; *Goldsboro v. R. R., ante,* 101, 97 S.E. 2d 486. Here, the cause was submitted for decision on the facts stipulated.

Appellant assigns as error certain recitals in the judgment, indicating the legal reasoning upon which the court reached the conclusion embodied in the judgment. These assignments do not require separate consideration; for, whether we agree in whole or in part with the court's

reasoning, the only question posed for decision is whether, upon the facts stipulated, the judgment is correct.

While appellant excepted, it did not appeal from said judgment dismissing this action as to J. R. Midkiff, administrator of the estate of Jesse Midkiff, deceased. Appellant undertakes to base an assignment of error on his exception to said judgment, but there is no discussion of this assignment in its brief. Under well established rules, this assignment is deemed abandoned.

In *NASCAR, Inc., v. Blevins,* 242 N.C. 282, 87 S.E. 2d 490, this question was presented: "Do the release provisions of registration agreement executed by participant in stock car race prior to entering race event constitute a bar to claim for injury and death on account of alleged negligence of plaintiffs during course of race?" *Winborne, J.* (now *C. J.*), said: "Patently as here presented this is a moot question. In the first place, sufficient facts are not agreed to present a controversy cognizable under the Uniform Declaratory Judgment Act. It is not admitted that the death of William W. Blevins, participant in a stock car race, was the proximate result of negligence of anyone."

As in *NASCAR, Inc., v. Blevins, supra,* the facts stipulated herein do not establish that the death of Jesse Midkiff "was the proximate result of negligence of anyone."

Appellant presents a different question. It is based on the fact that Jesse Midkiff was under 21 years of age when he signed the registration agreement and also when he was killed.

Appellant alleges and contends that Mrs. J. R. Midkiff's right to the death benefit of $3,000.00 otherwise due her under plaintiff's benefit plan is now barred because the administrator had the right to avoid and disaffirm the registration agreement entered into by the minor intestate and has elected to do so by the institution of the wrongful death action.

Before dealing directly with appellant's basic contention, the facts stated below should be noted.

Close consideration of the registration agreement discloses: 1. The only signature thereon is that of Jesse Midkiff, the applicant for registration. 2. Upon (a) "issuance of NASCAR license" to the applicant, and (b) "payment of fees required by NASCAR," the applicant, or his death beneficiary, is entitled only to the benefits provided by plaintiff's benefit plan for injuries (including death) the applicant "might sustain in NASCAR-sanctioned racemeets or other events" pursuant to the contract between NASCAR and plaintiff and the insurance carrier. 3. The amount to which the applicant or his death beneficiary would be entitled is not stated. 4. The identity of the party or parties obligated to pay whatever is due the applicant or his death beneficiary is not stated.

On the facts stipulated, Mrs. J. R. Midkiff was entitled to recover $3,000.00 under plaintiff's benefit plan. From whom? Plaintiff's benefit plan (the terms of which are not set forth in the registration agreement) was underwritten by an insurance company. Whether originally provided by said insurance company, by plaintiff, or otherwise, the $3,000.00 was deposited by plaintiff with the clerk *as the death benefit* to which Mrs. J. R. Midkiff would be entitled under plaintiff's benefit plan *unless* she is barred from recovering any amount thereunder by reason of the administrator's wrongful death action now pending against plaintiff and others. Hence, for present purposes, we dismiss as immaterial questions that come to mind, unanswered by the facts stipulated, as to the original source of the $3,000.00.

Appellant's said basic contention rests upon the premise that the administrator had the right to elect whether he would affirm or disaffirm said registration agreement and that he has elected to avoid and disaffirm it.

The doctrine of election of remedies applies when a person must choose between inconsistent remedial rights, "the assertion of one being necessarily repugnant to, or a repudiation of, the other." 28 C.J.S., Election of Remedies secs. 1 and 4. *Jenkins v. Trantham*, 244 N.C. 422, 426, 94 S.E. 2d 311; *Davis v. Hargett*, 244 N.C. 157, 162, 92 S.E. 2d 782; *Surratt v. Ins. Agency*, 244 N.C. 121, 131, 93 S.E. 2d 72; *Machine Co. v. Owings*, 140 N.C. 503, 53 S.E. 345.

When the doctrine applies, the available co-existing but inconsistent, remedial rights, vest in the same person; otherwise, there can be no right of election. ". . . an election of remedies presupposes a right to elect." 18 Am. Jur., Election of Remedies sec. 10.

The administrator's action for wrongful death is statutory. G.S. 28-173. The administrator neither has nor claims any right to recover the death benefit provided by said registration agreement. Nor does he seek to recover the $2.00 registration fee paid by the minor intestate. Whether an action by the administrator to recover said $2.00 registration fee would constitute an avoidance and disaffirmance is an academic question. In short, upon the facts stipulated, the administrator has not received, nor does he claim, any benefit under and by virtue of said registration agreement, and has made no election with reference thereto.

The right to recover the death benefit provided by said registration agreement vested exclusively in Mrs. J. R. Midkiff, the beneficiary named therein. She has asserted and now asserts her right to recover this death benefit. She neither has nor claims any right to the $2.00 registration fee.

Questions as to the legal effect, if any, of Mrs. J. R. Midkiff's recovery herein of the $3,000.00 death benefit, upon the administrator's wrongful death action, and questions as to the validity, legal effect and scope of

McBRYDE v. LUMBER CO.

the release provisions of said registration agreement, may be presented in said wrongful death action. *Blevins v. France*, 244 N.C. 334, 93 S.E. 2d 549.

Suffice to say, on the facts stipulated, Mrs. Midkiff, as death beneficiary under plaintiff's benefit plan, is entitled to the $3,000.00 fund. Hence, the judgment is affirmed. It is noted that the $2.00 deposit, not referred to in the judgment, is available to the use of appellant.

Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.