690 N.W.2d 94 (2004)
471 Mich. 941
CITY OF WARREN, Plaintiff-Appellee,
v.
CITY OF DETROIT, Defendant-Appellant.
Docket No. 125996. COA No. 244176.
Supreme Court of Michigan.
December 28, 2004.
On order of the Court, the application for leave to appeal the March 9, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., concurs and states as follows:
Rather than simply deny defendant's application for leave to appeal, I would deny specifically on the ground of mootness. The Court of Appeals properly determined that the substantive issue in this case was moot because "[n]o decision by this Court can transform disclosed records into nondisclosed records."[1] The Court then correctly cited the test for determining when moot issues should be reviewed-when "the issue is publicly significant and `is likely to recur, yet also is likely to evade judicial review.'"[2] Next, the Court reasonably determined that "the issue presented in this case has public significance and is likely to recur...."[3] However, the Court then proceeded to review the moot issue without addressing whether the issue "is likely to evade judicial review." This issue, in fact, is not likely to evade judicial review. All that is required for a governmental entity to ensure judicial review of a Freedom of Information Act (FOIA) issue is that it refrain from disclosing a requested document and appeal any subsequent judicial disclosure order.[4] A cursory review of recent cases decided by this Court makes it clear that governmental entities are quite capable of obtaining judicial review of FOIA issues.[5] Because the issue presented in this case was in no way likely to evade judicial review, the Court of Appeals erred in addressing the substantive issue in this case  whether the sought-after formula *95 constituted "software," thereby exempting it from disclosure under the FOIA.
As with the principle that a party to a lawsuit must possess "standing,"[6] the principle that this Court does not reach moot questions or declare rules of law that have no practical legal effect in a case is an essential element of the "judicial power" of our state.[7] Therefore, it is also an integral component of "our constitutional system of separated powers,"[8] and is necessary to ensure the "preservation of a judiciary operating within proper boundaries."[9]
The "judicial power" has traditionally been defined by a combination of considerations: the existence of a real dispute, or case or controversy; the avoidance of deciding hypothetical questions; the plaintiff who has suffered real harm; the existence of genuinely adverse parties; the sufficient ripeness or maturity of a case; the eschewing of cases that are moot at any stage of their litigation; the ability to issue proper forms of effective relief to a party; the avoidance of political questions or other non-justiciable controversies; the avoidance of unnecessary constitutional issues; and the emphasis upon proscriptive as opposed to prescriptive decision making.
Perhaps the most critical element of the "judicial power" has been its requirement of a genuine case or controversy between the parties, one in which there is a real, not a hypothetical, dispute.... [[10]]
The rule against deciding moot controversies has been described by the United States Supreme Court as a "constitutional rule," Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), that derives from the requirements of Article III of the United States Constitution, Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964), under which "the exercise of judicial power depends upon the existence of a case or controversy." Id.; see also DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); Honig v. Doe, 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988); id. at 332-333, 341-342, 108 S.Ct. 592 (Scalia, J., dissenting) ("[W]e have no power under Art. III of the Constitution to adjudicate a case that no longer presents an actual, ongoing dispute between the named parties.... It is assuredly frustrating to find that a jurisdictional impediment prevents us from reaching the important merits [of the] issues that were the reason for our agreeing to hear [a] case. But we cannot ignore such impediments for purposes of our appellate review without simultaneously affecting the principles that govern district courts in their assertion or retention of original jurisdiction.").
State courts have also recognized the connection between the doctrine of mootness and the constitutional authority of the judiciary. The Supreme Court of Louisiana has explained in interpreting its constitution, which, like ours, provides that the judiciary is to exercise only the "judicial power," that "the grant of judicial power implicitly restricts our courts to review only matters which are justiciable, i.e., actual and substantial disputes with adverse parties, not hypothetical, moot, or *96 abstract questions of law." Duplantis v. Louisiana Bd. of Ethics, 782 So.2d 582, 589 (La., 2001). See, also, Yancy v. Shatzer, 337 Or. 345, 350, 97 P.3d 1161 (2004) (holding that it will not decide moot questions "`because of [the court's] regard for the constitution of this state, which separates the power and functions of the departments of government ... and vests in the courts only the judicial power'") (citation omitted); Sullivan v. Chafee, 703 A.2d 748, 752 (R.I., 1997) (holding that it will not decide moot questions because "`our whole idea of judicial power' is the power of courts to apply laws to cases and controversies within their jurisdiction") (citation omitted); Lopez v. Pub. Utility Comm. of Texas, 816 S.W.2d 776, 782 (Tex.App., 1991) (holding that it will not decide moot questions because to do so would be violative of its constitution's separation of powers provision because the judiciary only has the judicial power); Poore v. Poore, 201 N.C. 791, 792, 161 S.E. 532 (1931) (holding that it will not decide moot questions because "[i]t is no part of the function of the courts, in the exercise of the judicial power vested in them by the Constitution, to ... answer moot questions....").
In the present case, the Court of Appeals erred in failing to apply the correct test for mootness and resultantly addressed a moot issue. Therefore, I would vacate its substantive decision and deny leave to appeal exclusively on the ground of mootness.
TAYLOR, J., joins the statement of MARKMAN, J.
NOTES
[1] Federated Publications v. City of Lansing, 467 Mich. 98, 113, 649 N.W.2d 383 (2002).
[2] 261 Mich.App. 165, 166 n. 1, 680 N.W.2d 57 (2004) (citation omitted).
[3] Id.
[4] Federated Publications, supra at 113, 649 N.W.2d 383.
[5] See, e.g., Breighner v. Michigan High School Athletic Ass'n, 471 Mich. 217, 222, 683 N.W.2d 639 (2004); Federated Publications, supra; Herald Co. v. Bay City, 463 Mich. 111, 116-117, 614 N.W.2d 873 (2000).
[6] Nat'l Wildlife Federation v. Cleveland Cliffs Iron Co., 471 Mich. 608, 612, 684 N.W.2d 800 (2004).
[7] Const. 1963, art. 6, § 1.
[8] Nat'l Wildlife Federation, supra at 612, 684 N.W.2d 800.
[9] Id.
[10] Id. at 614-615, 684 N.W.2d 800.