*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THE TOWNES AT LIBERTY PARK
CONDOMINIUM ASSOCIATION,

UNPUBLISHED
May 23, 2024

Plaintiff-Appellant,

v

No. 365956
Oakland Circuit Court
LC No. 2022-196160-CH

ARABELLA VENTURES, INC.,

Defendant-Appellee,

and

RAMANDEEP KAUR JATTANA, and KULBIR
SINGH DHILLON,

Defendants.

Before: MALDONADO, P.J., and PATEL and N. P. HOOD, JJ.

PER CURIAM.

In this action seeking to enjoin the use of a condominium unit as a short-term rental, plaintiff, The Townes at Liberty Park Condominium Association (the Association) appeals as of right the order granting summary disposition under MCR 2.116(C)(4) and MCR 2.116(C)(10) to defendant, Arabella Ventures, Inc. (Arabella). On appeal, the Association contends the trial court erred in granting summary disposition because: (1) the sale of the unit by Arabella did not moot the Association's claims; (2) the Association's action was "successful," under the Condominium Act, MCL 559.101 *et seq*., and the condominium bylaws, which entitled the Association to attorney fees and costs; and (3) the trial court erred in releasing the Association's lis pendens regarding the unit. We affirm.

## I. BACKGROUND

The Association is a condominium association made up of the co-owners of units at the Townes at Liberty Park Condominium (the Townes) in Novi. Arabella purchased a unit in the

Townes in May 2021 and listed the unit for short-term rental on Airbnb. In July 2022, the Association notified Arabella that it was in violation of various sections of the condominium bylaws by renting the unit with Airbnb. The Association requested Arabella to end this practice and remove any listing offering the unit for short-term rental. Arabella maintained that the bylaws did not restrict its use of the unit as an Airbnb rental and it did not remove the Airbnb listing for the unit.

Relevant to this appeal, the condominium bylaws state:

ARTICLE XVIII REMEDIES FOR DEFAULT

Any default by a Co-owner of its obligations under any of the Condominium Documents shall entitle the Association or another Co-owner or Co-owners to the following relief:

Section 18.1 Legal Action. Failure to comply with any of the terms or provisions of the Condominium Documents shall be grounds for relief, which may include, without limitation, an action to recover damages, injunctive relief, foreclosure of lien (if there is a default in the payment of an assessment) or any combination thereof, and such relief may be sought by the Association or, if appropriate, by an aggrieved Co-owner or Co-owners.

Section 18.2 Recovery of Costs. In any proceeding arising because of an alleged default by any Co-owner, the Association, if successful, shall be entitled to recover the costs of the proceeding, including its actual attorneys' fees (not limited to statutory fees), but in no event shall any Co-owner be entitled to recover such attorneys' fees.

The Association filed this breach of contract action in September 2022. The Association alleged that Arabella violated the condominium bylaws by renting the unit as a short-term lease. The Association requested relief under MCL 559.206 and the bylaws, including a permanent injunction ordering Arabella to "(i) immediately remove the Unit listing from Airbnb and any similar short-term rental service and (ii) permanently cease all further short term rentals of the Unit." Under the same authority, the Association sought to "recoup the costs and attorneys' fees sustained as a result of this action." In October 2022, the Association recorded a lis pendens on the unit, giving notice "a suit has been commenced and is pending in [the trial court], upon a Complaint filed by [the Association] against [Arabella], regarding violations of the Master Deed for the Townes at Liberty Park," affecting the unit.

In January 2023, soon after answering the Association's complaint, Arabella sold the unit to defendants, Ramandeep Kaur Jattana and Kulbir Singh Dhillon, individuals with no affiliation to Arabella. Arabella then moved for summary disposition under MCR 2.116(C)(4) and MCR 2.116(C)(10). In an attached affidavit, Arabella's officer and registered agent averred:

4. That monthly revenues from offering the Property on Airbnb were initially strong, but within the first year [Arabella] determined that the long term prospects for the Property were not as expected.

-2-

5. That [Arabella] began listing the Property for sale in Fall 2022 and was eventually removed from Airbnb by the end of the year.

Arabella argued because it no longer owned the property, a controversy no longer existed between the parties, the claim was moot, and the trial court lacked jurisdiction. Arabella also argued the Association's "suggestion" it was entitled to attorney fees and costs did not constitute an affirmative claim.

Before answering the dispositive motion, the Association moved to amend its complaint by adding Jattana and Dhillon as defendants, arguing that any judgment amount may be assessed against the unit and constitute a lien thereon. The trial court granted the motion.

The Association opposed Arabella's motion for summary disposition, arguing that the trial court had subject-matter jurisdiction until it rendered a final decision on the merits of all of the Association's claims. Specifically, the Association argued it was entitled to attorney fees and costs because it was "successful" in obtaining its goal: Arabella ceasing the short-term rental of the unit and removing any listing offering this rental. The Association maintained it was entitled to a permanent injunction and an award of costs, damages, interest, and attorney fees under the Condominium Act and the bylaws. Arabella asserted that the Association could not claim the "success" necessary for an entitlement to attorney fees because Arabella never conceded the bylaws disallowed short-term rentals, and sold the unit only because Arabella's practice of renting it was not profitable. The trial court granted Arabella's motion for summary disposition, and dismissed the action with prejudice, without fees and costs awarded to either party. The court ordered the Association to release the lis pendens. This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "The applicability of a legal doctrine, such as mootness, is a question of law which this Court reviews de novo." *TM v MZ*, 501 Mich 312, 315; 916 NW2d 473 (2018) (cleaned up). The interpretation of a contract is also a question of law that this Court reviews de novo. *DaimlerChrysler Corp v G Tech Prof Staffing, Inc*, 260 Mich App 183, 184; 678 NW2d 647 (2003). Likewise, we review de novo underlying issues of statutory interpretation. *Drob v SEK 15, Inc*, 334 Mich App 607, 617; 965 NW2d 683 (2020).

The trial court granted summary disposition under MCR 2.116(C)(4) and (C)(10). A motion for summary disposition under MCR 2.116(C)(4) is appropriate where the court lacks subject-matter jurisdiction. *Papas v Mich Gaming Control Bd*, 257 Mich App 647, 657; 669 NW2d 326 (2003). A "circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit." *Teran v Rittley*, 313 Mich App 197, 206; 882 NW2d 181 (2015). "[O]nce a court acquires jurisdiction, unless the matter is properly removed or dismissed, that court is charged with the duty to render a final decision on the merits of the case, resolving the dispute, with the entry of an enforceable judgment." *Clohset v No Name Corp*, 302 Mich App 550, 562; 840 NW2d 375 (2013).

Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). Summary disposition under MCR 2.116(C)(10) is proper when, after considering all evidence in the light most favorable to the non-moving party, the court determines there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up).

We review a trial court's decision whether to award attorney fees for an abuse of discretion. *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681, 682; 713 NW2d 814 (2006). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

### III. ANALYSIS

The Association argues that the trial court erred by granting summary disposition in favor of Arabella because the Association sought an injunction against Arabella that included any future units it may purchase, and the Association was entitled to its costs and attorney's fees incurred in successfully obtaining its desired outcome in filing this action. We disagree.

"The question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). "The courts will generally refrain from deciding issues that are moot, meaning it is impossible for the court to craft an order with any practical effect on the issue." *Moore v Genesee Co*, 337 Mich App 723, 726-727; 976 NW2d 921 (2021). "Where the facts of a case make clear that a litigated issue has become moot, a court is, of course, bound to take note of such fact and dismiss the suit, even if the parties do not present the issue of mootness." *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 255 n 12; 701 NW2d 144 (2005). Although there are exceptions for matters of public significance that may recur yet evade review, *Moore*, 337 Mich App at 727, those exceptions are not applicable in this matter.

The Association filed this action requesting relief under MCL 559.206 and the bylaws,[1] in the form of both a permanent injunction and "recoup[ment of] the costs and attorneys' fees sustained as a result of this action." As part of the Condominium Act, MCL 559.206 states:

---

[1] Section 6.1 of the bylaws states: "No Unit in the Condominium shall be used for other than single-family residential purposes . . . ." Our Supreme Court found:

> "Commercial" is commonly defined as "able or likely to yield a profit." *Random House Webster's College Dictionary* (1991). "Commercial use" is defined in legal parlance as "use in connection with or for furtherance of a profit-making enterprise." *Black's Law Dictionary* (6th ed). "Commercial activity" is defined in legal parlance as "any type of business or activity which is carried on for a profit." [*Terrien v Zwit*, 467 Mich 56, 63-64; 648 NW2d 602 (2002).]

A default by a co-owner shall entitle the association of co-owners to the following relief:

(a) Failure to comply with any of the terms or provisions of the condominium documents, shall be grounds for relief, which may include without limitations, an action to recover sums due for damages, injunctive relief, foreclosure of lien if default in payment of assessment, or any combination thereof.

(b) In a proceeding arising because of an alleged default by a co-owner, the association of co-owners or the co-owner, if successful, shall recover the costs of the proceeding and reasonable attorney fees, as determined by the court, to the extent the condominium documents expressly so provide.

(c) Such other reasonable remedies the condominium documents may provide including but without limitation the levying of fines against co-owners after notice and hearing thereon and the imposition of late charges for nonpayment of assessments as provided in the condominium bylaws or rules and regulations of the condominium. [MCL 559.206.]

Because the co-owner's "[f]ailure to comply with any of the terms or provisions of the condominium documents," is grounds for relief such as "an action to recover sums due for damages, [or] injunctive relief," MCL 559.206(a), there is no dispute the Association's original complaint presented a real controversy when it was filed. But Arabella sold the unit and no longer has an interest in the unit. Therefore, any injunction against Arabella for its potential purchase of a unit in the future would be based on a hypothetical situation, not existing facts. A "real" controversy cannot be "hypothetical." *City of Warren v City of Detroit*, 471 Mich 941, 942; 690 NW2d 94 (2004) (MARKMAN, J., concurring). A claim is moot if it presents only abstract questions of law that do not rest on existing facts or rights. *Ryan v Ryan*, 260 Mich App 315, 330; 677 NW2d 899 (2004). The Association's claim for an injunction was rendered moot with Arabella's sale of the unit. Accordingly, we find that the trial court did not err by granting summary disposition to Arabella.

We further conclude that the trial court did not err by declining to award attorney fees and costs to the Association. "As a general rule, attorney fees are not recoverable as an element of costs or damages absent an express legal exception." *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). A party may recover attorney fees if expressly authorized by statute, *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004), or provided for by contract, *Fleet Business Credit*, 274 Mich App at 589. In this case, the

---

Considering these definitions, in *Aldrich v Sugar Springs Prop Owners Ass'n, Inc*, 345 Mich App 181, 192; 4 NW3d 751 (2023), this Court held, "the act of renting property to another for short-term use is a commercial use . . . ."

Association made a claim under MCL 559.206(b) and Section 18.2 of the bylaws for "costs and attorneys' fees sustained as a result of this action."

MCL 559.206(b) states:

In a proceeding arising because of an alleged default by a co-owner, the association of co-owners or the co-owner, *if successful*, shall recover the costs of the proceeding and reasonable attorney fees, as determined by the court, to the extent the condominium documents expressly so provide. MCL 559.206(b). [emphasis added.]

Similarly, Section 18.2 of the bylaws states:

In any proceeding arising because of an alleged default by any Co-owner, the Association, *if successful*, shall be entitled to recover the costs of the proceeding, including its actual attorneys' fees (not limited to statutory fees), but in no event shall any Co-owner be entitled to recover such attorneys' fees. [emphasis added.]

"The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "We accord to every word or phrase of a statute its plain and ordinary meaning, unless a term has a special, technical meaning or is defined in the statute." *Guardian Environmental Servs, Inc v Bureau of Const Codes and Fire Safety*, 279 Mich App 1, 6; 755 NW2d 556 (2008). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (cleaned up). If a statutory term is undefined, it "must be accorded its plain and ordinary meaning[;]" but a legal term of art "must be construed in accordance with its peculiar and appropriate legal meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008), citing MCL 8.3a.

"Condominium bylaws are interpreted according to the rules governing the interpretation of a contract." *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 393; 875 NW2d 234 (2015). "In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning." *Phillips v Homer*, 480 Mich 19, 24; 745 NW2d 754 (2008) (cleaned up). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written, because an unambiguous contract reflects the parties' intent as a matter of law." *Id*.

Pursuant to the bylaws and MCL 559.206(b), the Association is entitled to recover the costs of this proceeding, including reasonable attorney fees, if this action is "successful." The term "successful" is not defined in the Condominium Act or the bylaws and thus we will construe the term in accordance with its plain and ordinary meaning. See *Brackett*, 482 Mich at 276; see also *Phillips*, 480 Mich at 24. The Association commenced this action alleging that Arabella violated the bylaws by renting the unit. The Association requested an injunction restraining and forever enjoining Arabella from violating the bylaws and renting the unit. That result was achieved when Arabella voluntarily sold the unit while this action was pending. Arabella claimed that it sold the

unit because "the long term prospects for the [unit] were not as expected." But it does not matter why Arabella voluntarily sold the unit. The sale was not brought about by a court order, judgment, or settlement agreement. The United States Supreme Court has stated: "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Buckhannon Bd and Care Home, Inc v West Virginia Dep't of Health and Human Resources*, 532 US 598, 598-599; 121 S Ct 1835; 149 L Ed 2d 855 (2001). Under both the statute and the bylaws, the "proceeding arising because of [the] alleged default," MCL 559.206(b), was not "successful;" the proceeding was dismissed as moot after Arabella voluntarily sold the unit and there was no longer a real controversy. Accordingly, we find that the trial court did not err by declining to award attorney fees and costs to the Association.

Finally, because the Association's claim for an injunction is moot, the trial court properly released the Association's lis pendens concerning the unit. The effect of the filing of a notice of lis pendens is to cause after-acquired interests in the property to be taken subject to the outcome of the litigation. *Provident Mut Life Ins Co of Philadelphia v Vinton Co*, 282 Mich 84, 85-87; 275 NW 776 (1937).

> Generally, a lis pendens is designed to warn persons who deal with property while it is in litigation that they are charged with notice of the rights of their vendor's antagonist and take subject to the judgment rendered in the litigation. A purchaser who acquires property after the commencement of a suit and the filing of a notice of lis pendens is bound by the proceedings because [o]ne may not purchase any portion of the subject matter of litigation and thereby defeat the object of suit. A lis pendens is effective from the time of filing and not before. [*Richards v Tibaldi*, 272 Mich App 522, 536; 726 NW2d 770 (2006) (cleaned up).]

The claim for an injunction against Arabella was rendered moot by the sale of the unit to Jattana and Dhillon. There is no claim regarding the property rights possessed by the new owners of the unit. Accordingly, the trial court properly released the lis pendens when it dismissed the Association's claim for an injunction.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Sima G. Patel
/s/ Noah P. Hood